[L. A. No. 1053.   Department Two.—September 11, 1902.]

T. S. C. LOWE, Appellant, v. ROY WHEELER OZMUN,
Executor, etc., Respondent.

CONVERSION OF PERSONAL PROPERTY—STATUTE OF LIMITATIONS.—An
action for the wrongful conversion of personal property is not
barred in two years by the provision of subdivision 1 of section
339 of the Code of Civil Procedure, but the limitation of the cause
of action is three years under section 338 of the Code of Civil
Procedure, which is designed to include all actions for torts involv-
ing personal property, without reference to the particular remedy
employed.

---

[1] 30 Am. Rep. 572.            [2] 6 Am. Dec. 119.

ID.—PLEADING—AVERMENT OF CONVERSION.—An averment that the defendant converted the property to his own use is a sufficient averment of the fact ·of conversion, in the absence of a special demurrer, to sustain a judgment.

ID.—OWNERSHIP AT TIME OF CONVERSION—INDIRECT AVERMENT.—An indirect averment of the fact that plaintiff was the owner of the personal property at the time of the conversion, by alleging ownership at the time when the property was delivered to defendant's testator as security for indebtedness, and that on a certain day, when said indebtedness was fully paid and discharged, the defendant, well knowing that the articles held by him were the property of plaintiff, converted the same to his own use, is sufficient as against a general demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, for Appellant.

Russ Avery, for Respondent.

McFARLAND, J.—This action was brought for an alleged conversion by defendant's testator of certain described personal property—namely, bonds and coupons. The complaint shows that the action was commenced within three years, but not within two years, after the alleged conversion; and the court below sustained the demurrer to the complaint upon the ground that the action was barred by subdivision one of section 339 of the Code of Civil Procedure, which provides that "an action upon a contract, obligation, or liability, not founded upon an instrument in writing" must be brought "within two years." There is no doubt that this provision includes the cause of action in the case at bar, unless the latter comes expressly within some other category of limitation. "Liability" as used in the section includes responsibility for torts, and "is applicable to all actions at law, not specially mentioned in other portions of the statute." (*Piller* v. *Southern Pacific R. R. Co.*, 52 Cal. 42. See, also, *Raynor* v. *Mintzer*, 72 Cal. 590; *McCusker* v. *Walker*, 77 Cal. 212; *Lattin* v. *Gillette*, 95 Cal. 317.[1]) But we think that the limitation of the cause of action in the case at bar is specifically declared

[1] 29 Am. St. Rep. 115.

in section 338 of the Code of Civil Procedure, which provides that there may be commenced "within three years . . . an action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property." The obvious purpose of this provision was to include all actions for torts involving personal property, and we do not think that this purpose can be obscured by invoking strict definitions of the particular words used, or by contrasting them with other words which might have been used, or by nice distinctions between the common-law actions of replevin, detinue, and trover. In cases of unlawful taking or detaining personal property the wronged party has usually the option of either bringing an action for its specific recovery or an action to recover its value,—that is, an action which at common law would have been replevin or detinue or trover. Section 338 looks to the wrong,—to the thing itself,—and not to the particular kind of action which may be used to obtain the remedy. This view was expressly declared in *Horton* v. *Jack,* which is to be found reported in 37 Pacific Reporter, page 652, and for some reason, did not get into the California Reports; and we have not been referred to any other case in this state holding different. In that case the court say: "The question suggested is whether an action for the conversion of goods is barred by subdivision 3 of section 338 of the Code of Civil Procedure. Respondent claims that such an action is not covered by that section, and is therefore included in section 339, and is barred in two years. The complaint shows that the suit was not commenced within two years after the alleged conversion. Subdivision 3, section 338, reads: 'An action for taking, detaining, or injuring any goods or chattels, including actions for the recovery of specific personal property' "; and the court, after discussing the meaning of "conversion," and quoting from authorities, concludes on the point as follows: "The words in the statute are not used to indicate any particular form of action. But I think it applies to all those cases in which the person injured has a remedy in an action of claim and delivery, or for conversion. Certainly one whose property has been wrongfully taken or detained may sue for conversion, if at the time he was entitled to the possession of it. I think the case falls within the provisions of section 338,

and the cause of action was not barred." It is contended by respondent that what is said on the subject in *Horton* v. *Jack* is *dictum;* but whether or not that case might possibly have been decided without a determination of the point in question, still the court fully considered the point and declared the law on the subject; and as the conclusion there reached was, in our opinion, right, we have no hesitancy in following it.

It seems that the court below sustained the demurrer solely on the ground of limitation; but as the demurrer was general respondent rightly contends that the judgment should be affirmed if, for any other reason, the complaint does not contain a sufficient statement of facts to constitute a cause of action. And it is contended that the averment of conversion is not sufficient. The averment is, after a description of the property, that the defendant's testator "unlawfully converted and disposed of the same to his own use," and the contention is, that there should have been a statement of the particular facts constituting the conversion,—that is, the specific acts and methods by which the conversion was accomplished. This contention is not maintainable. An averment that defendant converted the property to his own use is a sufficient averment of the fact of conversion. It was so expressly held in *Daggett* v. *Gray,* 110 Cal. 169, where the court said: "The allegation that the defendants 'converted and disposed of the property to their own use' is the allegation of a fact sufficient, in the absence of a special demurrer, to sustain a judgment."

A more serious contention is, that the complaint fails to sufficiently aver any ownership or right of possession by plaintiff in the property in question at the time of the alleged conversion. It is averred, on this subject, that on July 22, 1896, plaintiff was the owner of the property, and on that day delivered it to defendant's testator as security for a certain indebtedness owing to him by the plaintiff; that afterwards, on May 10, 1897, the said indebtedness was fully paid and discharged, and that on said last-named day said property being in the possession of said testator, the latter "well knowing that said bonds and coupons last aforesaid were the property of the said plaintiff, and should belong and appertain to him," unlawfully converted the same, etc. This

certainly is a crude, roundabout, and indirect averment of the fact that plaintiff was the owner of the property at that time; but as against the general demurrer, under our liberal system of pleading, it is sufficient. The intended statement of the fact is not couched in apt language; but there is not an entire absence of a statement of such fact. The averment could not have been true unless the plaintiff was the owner of the property, or entitled to its possession, at the time of the alleged conversion; and defendant could not have misunderstood the averment or have been in any way prejudiced by the form in which it was made.

The judgment appealed from is reversed, with directions to the court below to overrule the demurrer to the complaint.

Henshaw, J., and Temple, J., concurred.