[No. 7.   Third Appellate District.—June 10, 1905.]

## PHOENIX INSURANCE COMPANY, Appellant, v. PACIFIC LUMBER COMPANY, Respondent.

NEGLIGENT DESTRUCTION OF PROPERTY BY FIRE—ASSIGNED CLAIM TO FIRE INSURANCE COMPANY—ACTION FOR DAMAGES—STATUTE OF LIMITATIONS.—An action by a fire insurance company upon the assigned claim of an insured person for loss of the insured property by fire, which was negligently kindled on defendant's land and negligently suffered to extend to the land of the insured, to recover the actual damages and costs suffered, is barred by section 339 of the Code of Civil Procedure if not brought within two years after the cause of action accrued.

ID.—STATUTORY PROVISIONS INAPPLICABLE—TREBLE DAMAGES.—The three years' statute of limitations prescribed by section 338 is inapplicable to a cause of action for the actual damages presupposed in the treble damages provided for in section 3344 of the Political Code for negligently causing loss by fire. An action for actual damages for such loss would lie regardless of the provisions of the latter section. · Treble damages cannot be recovered thereunder where neither the complaint nor the assignment nor the plaintiff's equitable right of subrogation will admit thereof.

ID.—SUBROGATION—SPECULATION NOT ALLOWED.—Subrogation is allowed by courts of equity solely to insure reimbursement and secure justice. The party subrogated will·not be allowed to make a speculation out of this equitable right to be indemnified against unjust loss.

APPEAL from a judgment of the Superior Court of Humboldt County.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, and J. F. Coonan, for Appellant.

The liability fixed by section 3344 of the Political Code is fixed by statute, and is barred in three years.   (Code Civ. Proc., sec. 338; *Higby* v. *Calaveras County,* 18 Cal. 176; *Banks* v. *Yolo County,* 104 Cal. 258, 37 Pac. 900.)

Ernest Sevier, and Denver Sevier, for Respondent.

The action is barred by section 339 of the Code of Civil Procedure.   Section 3344 merely affords a remedy in treble damages, but does not create a liability for actual damages for the negligence, which is a common-law right, independent of that statute.   (*Higgins* v. *Dewey,* 107 Mass. 494, 9 Am. Rep. 63; *Brummit* v. *Furness,* 1 Ind. App. 401, 50 Am. St. Rep. 215, 27 N. E. 656; *Webb* v. *Rome etc. R. R. Co.,* 49 N. Y. 420, 10 Am. Rep. 389; *Spaulding* v. *Chicago etc. Ry. Co.,* 30 Wis. 110, 11 Am. Rep. 550; 13 Am. & Eng. Ency. of Law, 2d ed., p. 410; *Liverpool etc. Ins. Co.* v. *Southern Pacific Co.,* 125 Cal. 434, 58 Pac. 55; *Cleland* v. *Thornton,* 43 Cal. 437; *Louisville etc. R. R. Co.* v. *Nitsche,* 126 Ind. 230, 22 Am. St. Rep. 582, 26 N. E. 51.)   All actions for actual damages for negligence are barred in two years.   (*Lattin* v. *Gillette,* 95 Cal. 317, 29 Am. St. Rep. 115, 30 Pac. 545; *Piller* v. *Southern Pacific R. R. Co.,* 52 Cal. 42; *Wood* v. *Currey,* 57 Cal. 208; *Raynor* v. *Mintzer,* 72 Cal. 585; *Churchill* v. *Pacific Imp. Co.,* 96 Cal. 490, 31 Pac. 560.)

McLAUGHLIN, J.—On October 28, 1901, the plaintiff filed its complaint in proper form, alleging, in apt and sufficient terms, that certain property of one Hazleton was insured by plaintiff against loss by fire.   That on May 11, 1899, while said insurance was still in force, the defendant willfully and carelessly kindled a fire on its own land, and negligently suffered the said fire to extend beyond its own land, to and upon the land of Hazleton, and that said fire destroyed the property insured; all of said negligent acts being *"contrary to statutory provision* under section 3344 of the Political Code

of this state.'' That thereafter said Hazleton proved his loss, and the same, amounting to $786.77, was paid to him by plaintiff. It is then alleged that by virtue of a written assignment from Hazleton, as well as by subrogation, such rights of action as accrued to Hazleton by reason of such negligent acts, passed to plaintiff. The prayer is for ''judgment in the sum of $786.77 *as actual damages,* and costs of suit.''

The defendant demurred to the complaint on the ground, among others, that the causes of action set forth therein were barred by sections 339 and 340 of the Code of Civil Procedure. The demurrer was sustained and the plaintiff appealed.

Appellant contends that the causes of action stated rest upon section 3344 of the Political Code, which reads as follows: ''Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land, is liable in *treble* damages.'' This,. he contends, brings this cause within section 338 of the Code of Civil Procedure, which provides that ''An action upon a *liability* created by statute, *other than a penalty or forfeiture,*'' must be brought within three years. Respondent answers that if the action is upon a statute, it is upon a *penalty* created by statute, and hence that section 340, limiting the time for commencing such actions to one year, applies. And respondent also submits that this is simply an action to recover *actual damages,* and therefore falls within the provision of section 339, making the limitation of two years apply to all actions upon a *liability* not founded upon an instrument in writing. It cannot be doubted that an action for *actual* damages in cases such as the one at bar would lie, regardless of the provisions of section 3344 of the Political Code. The very idea of *treble* damages involves the concurrent idea of *actual* damages *trebled,* and hence, in the section itself, the pre-existence of the right to actual damages is recognized. The section simply gives the further right to treble damages under proper pleadings. In this case all that is asked is ''$786.77 *actual damages,*'' and it is elementary that relief cannot exceed the demand. The written assignment from Hazleton to appellant carefully limits the transfer to the indemnifying sum here sought to be recovered, and expressly states that such sum is the *actual value* of the property destroyed. Subrogation is allowed by courts of equity

solely to insure reimbursement and secure justice.   The party subrogated will not be allowed to make a speculation out of this equitable right to be indemnified against unjust loss. (*Liverpool etc. Ins. Co.* v. *Southern Pacific Co.*, 125 Cal. 440, [58 Pac. 55] ; *Randall* v. *Duff*, 107 Cal. 34, [40 Pac. 20] ; 27 Am. & Eng. Ency. of Law, p. 207.)   It follows that neither under the complaint, the written assignment, nor the doctrine of subrogation could the appellant recover the treble damages allowed by section 3344 of the Political Code.   Therefore, this action having been commenced more than two years after the cause of action accrued, it was barred by the statute.

The judgment is affirmed.

Chipman, P. J., and Buckles, J., concurred.