### *In re* the Disbarment of E. C. WILCOX.
#### No. 17,799.

#### SYLLABUS BY THE COURT.

1. A PROCEEDING FOR DISBARMENT IS AN "ACTION." A proceeding for the disbarment of an attorney, although a special proceeding, is an "action," as that word is employed in its broad sense of including all the various proceedings ordinarily allowed in courts of justice.

2. COSTS—*Disbarment Proceedings—Equitable Apportionment.* Although previous to the enactment of chapter 64 of the Laws of 1913 there was no express statutory authority for the allowance of costs in disbarment proceedings, the court

may, in its discretion, under the provisions of section 615 of the code, award costs in a disbarment proceeding and make such apportionment thereof as the court deems just and equitable.

3. ——— *Same.* In this case, although the accused was acquitted upon all of the charges except one, the court declines to tax any costs against the accuser; but in view of all the circumstances, the court, in its discretion, taxes certain of the costs against the accused, and as to the remaining costs makes no allowance.

Original proceeding in disbarment. Opinion on motion to retax costs filed October 28, 1913. Motion allowed in part. (For original opinion see *ante,* p. 95, 133 Pac. 547.)

*Samuel Griffin, J. N. Tincher,* and *Seward I. Field,* all of Medicine Lodge, for the accuser.

*Chester I. Long, R. R. Vermilion, Joseph G. Carey, Earle W. Evans,* all of Wichita, and *John Marshall,* of Topeka, for the accused.

The opinion of the court was delivered by

PORTER, J.: On the ground that there is no statutory provision for the allowance of costs in disbarment proceedings, the accused asks that no costs be taxed against him. The proceedings were commenced before the enactment of chapter 64 of the Laws of 1913, concerning the disbarment of attorneys, which provides for the taxing of costs against the accused if found guilty, and against the state if he be acquitted. A number of courts have held that in the absence of statutory authority no costs will be allowed to either party in disbarment proceedings. (*State v. Fisher,* 82 Neb. 361, 117 N. W. 882; *In re Sherin,* 27 S. Dak. 232, 133 N. W. 701; *In re Watt & Dohan,* 154 Fed. 678; 5 Cent. Dig., Attorney and Client, § 76.)

It is true, the code divides remedies into "actions" and "special proceedings"; and a disbarment proceeding has been held to be a special proceeding. (*In re*

*Burnette,* 73 Kan. 609, 85 Pac. 575.) But the word "action" is sometimes used in codes and statutes in a broad and at other times in a narrow and restricted sense. It is employed in the more narrow sense in section 4 of the code, wherein an action is defined as "an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." In 1 Words and Phrases it is said: "Abbott observes that 'action' in its broadest sense includes all the various proceedings ordinarily allowed in courts of justice." (p. 130.) We think the word "action" must be given its broadest significance as employed in section 615 of the code, wherein the court is authorized to award costs as in its discretion it may think right and equitable. That section reads:

"In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

In the event the court holds it has power to award costs, the accused asks that all costs incurred in respect to the charges set forth in the original accusation, upon which he was acquitted, be taxed against the accuser. Some of the original charges were abandoned at the hearing; others were found to be wholly unsupported by evidence; and none of those proven was considered of sufficient gravity to justify a judgment of disbarment. But the commissioner has not found nor is the court warranted upon the evidence in holding that any of the charges in the original accusation were made otherwise than in good faith. We are unwilling to establish a precedent likely to prove so mischievous as a rule declaring that in disbarment proceedings the costs incurred upon all charges of which the accused may be acquitted should be taxed against the accuser. Persons having actual knowledge of grave misconduct of an

*In re* Wilcox.

attorney might be deterred from presenting an accusation from fear of a judgment against them for costs if the proof failed to establish the charge.

The court has the power, in view of the judgment of disbarment, to tax all the costs to the accused; but, upon full consideration of all the circumstances, we have concluded, in the exercise of our discretion, to allow the motion to this extent: No costs will be awarded against the accused for fees of witnesses or costs of depositions respecting the charges in the original accusation; nor for fees of witnesses not called to testify; nor sheriff's fees for summoning the foregoing witnesses; nor for fees of sheriff in attendance at the hearing. The court is not disposed to apportion the fees and expenses of the commissioner in respect to the charges upon which the accused was acquitted, and therefore the allowance heretofore made the commissioner will be taxed against the accused. One-third of the stenographer's fees and one-third of the cost of printing the abstracts will be taxed against the accused, together with all other costs not otherwise specified herein.

Believing that the legislature should, and that it doubtless will, make provision for the payment of the other costs in this proceeding, the court makes no allowance respecting the same.