DINSMORE et al. v. BARKER, District Judge, et al.

No. 3935.   Decided February 15, 1923.   (212 Pac. 1109.)

1.  ACTION—"ACTION" DEFINED.  The word "action" is a generic
    term, having a broad and comprehensive application, meaning
    any legal proceeding in a court for the enforcement of a right
    or for the purpose of obtaining such a remedy as the law al-
    lows, or a judicial proceeding which, if conducted to a termina-
    tion, will result in a judgment; and, when used in statutes regu-
    lating judicial procedure, it should be given a general and
    comprehensive meaning.  It means the pursuit of a right in a
    court of justice without regard to the form of legal proceed-
    ings.

2.  CORPORATIONS—PROCEEDING FOR VOLUNTARY DISSOLUTION OF COR-
    PORATION HELD AN "ACTION," WITHIN STATUTE PROHIBITING AP-
    POINTMENT OF INTERESTED PERSONS AS RECEIVERS.  A proceeding
    under Comp. Laws 1917, §§ 7418-7424, for the voluntary disso-
    lution of a corporation is an "action," within section 6766, pro-
    hibiting the appointment of interested persons as receivers in
    an action.

3.  CORPORATIONS—STOCKHOLDER AND DIRECTOR HELD INTERESTED IN
    A PROCEEDING TO DISSOLVE AND SO PROHIBITED FROM BEING AP-
    POINTED RECEIVER; "PERSON INTERESTED IN THE ACTION."  Though
    a stockholder and director, in whose name with others a peti-
    tion to dissolve is filed under Comp. Laws, §§ 7418-7424, may
    not be technically a party to the proceeding wherein objections
    to the petition were filed alleging misconduct and maladminis-
    tration against the directors, and praying for a receiver and an
    accounting by them, he is prohibited by Comp. Laws 1917,
    § 6766, from being appointed receiver as a "person interested
    in the action," though his stock is limited to a few shares of
    small value, and aside from his interest as a stockholder he
    is interested in the accounting to be made by him as an officer,
    which interest is adverse to the parties objecting.

4.  RECEIVERS—COURTS HAVE LARGE DISCRETION IN APPOINTING RE-
    CEIVER, IN ABSENCE OF STATUTORY PROHIBITION.  In the absence
    of a statutory prohibition, courts have a large discretion in the
    appointment of a receiver.

5.  RECEIVERS—COURT MAY APPOINT AS RECEIVER PERSON NOT DIS-
    QUALIFIED.  A court may appoint as a receiver any proper per-
    son not prohibited by law.

Application by Charles F. Dinsmore and others for prohibition against George S. Barker, as Judge of the District Court, and others.

PEREMPTORY WRIT GRANTED.

*De Vine, Howell, Stine & Gwilliam* and *A. W. Agee,* all of Ogden, for plaintiffs.

*Chas. R. Hollingsworth,* of Ogden, for defendants.

CHERRY, J.

Montello Salt Company is a Utah corporation. Defendant J. H. Knauss is one of its stockholders, and holds the offices of director and secretary and treasurer.

The corporation having disposed of its property and ceased conducting the business for which it was incorporated, on July 31, 1922, after proper proceedings by the stockholders, the defendant J. H. Knauss and others, as directors, filed a petition in the district court of Weber county for the voluntary dissolution of the corporation under Comp. Laws Utah 1917, §§ 7418-7424.

Responding to notice, the plaintiffs herein appeared in the dissolution proceedings and filed objections to the petition, in which they alleged misconduct and maladministration against the directors, and prayed for the appointment of a receiver and an accounting by the directors. The petitioners filed an answer to the objections, generally denying the accusations against the directors, and praying that, if a receiver was to be appointed, that J. H. Knauss be appointed as such.

The district court heard and considered the matters in dispute, and concluded to make an order dissolving the corporation and to appoint a receiver to take possession of its property and wind up its business. The parties having failed to agree upon a person to be appointed receiver, the court announced its intention to appoint the defendant J. H.

Knauss, notwithstanding the objections of plaintiffs. To prevent the appointment, the plaintiffs applied to this court for a writ of prohibition.

The matter is submitted upon the petition or affidavit of the plaintiffs and the answer of defendants, and on the briefs and oral arguments of counsel.

It is proper to state that the power of the district court, in the proceedings pending before it, to determine issues or make orders, other than, or in addition to, dissolving or refusing to dissolve the corporation, has not been questioned in this case, and is not here considered or decided.

The pleadings and briefs contain considerable matter relating to alleged misconduct and maladministration on the part of the directors, and to particular personal reasons why the defendant Knauss should or should not be appointed as receiver. We are not concerned with the merits of these controversies, except so far as they indicate a conflict of interest between the parties. It is admitted that the defendant J. H. Knauss is a stockholder and a director and secretary and treasurer of the corporation, and that its principal property is a large sum of money in the custody of its treasurer.

The question presented is whether the district court has the jurisdiction to appoint the defendant Knauss as receiver of the dissolved corporation, in view of his relationship to the dissolution proceedings. Comp. Laws Utah 1917, Sec. 6766, provides as follows:

"No party or attorney, or person interested in the action, can be appointed receiver therein, without the written consent of the parties, filed with the clerk. * * *"

Comp. Laws Utah 1917, §§ 7418-7424, provide for the dissolution by the district court of a corporation upon its voluntary application. Section 7419 requires the application to be in writing and to set forth that the dissolution was regularly resolved upon by a two-thirds vote of all the stockholders. Section 7420 requires the application to be made by or in behalf of the board of directors, or, if they decline, by any stockholders, and that it be verified. Section 7421 requires certain notice of the application to be given by pub-

lication.  Section 7422 authorizes any person to file objections
to the application, within the time limited in the notice.
Section 7423 provides that the court, after five days' notice
to persons who filed objections, shall proceed to hear and
determine the application, etc.   Section 7424 provides that
the application, notices, proof of publication, objections, if
any, and declaration of dissolution, constitute the judgment
roll, and from the judgment an appeal may be taken as
from judgments in other civil actions.

It is argued in behalf of the plaintiffs that the statutory
proceeding for the voluntary dissolution of a corporation
is an "action" within the meaning of section 6766, supra,
and that the proposed receiver is a party to and interested
therein, and that the proposed appointment is therefore pro-
hibited, while defendants' counsel contend that the proceed-
ings cannot properly be denominated an "action" within
the meaning of the statutory prohibition, and that the pro-
posed appointment is within the lawful power of the district
court.

Thus we are brought immediately to a consideration of the
meaning and interpretation of the term "action" as used
in the statute.   The law reports abound in cases where
the word "action" has been judicially defined, and         1
many of them have been called to our attention.  With-
out attempting elaboration, we refer to the definitions given
in 1 C. J. 926, in support of which the authorities are in
general agreement, viz.:

"It is a generic term, and, in the absence of any restrictive
words, has a broad and comprehensive application; and is said to
mean any legal proceeding in a court for the enforcement of a
right; any proceeding for the purpose of obtaining such a remedy
as the law allows; any judicial proceeding, which, if conducted to
a termination, will result in a judgment."

When the term is used in statutes regulating judicial pro-
cedure, it should be given a general and comprehensive mean-
ing.  *Mulcahy v. Mulcahy*, 84 Conn. 659, 81 Atl. 242.  Ac-
cordingly it has been held that a judicial settlement of an
executor's account in the probate court (*Mulcahy v. Mulcahy*,
supra), a proceeding to disbar an attorney (*In re Wilcox*,

90 Kan. 646, 135 Pac. 995), a proceeding for the appointment of an administrator (*Gwinn* v. *Melvin,* 9 Idaho, 202, 72 Pac. 961, 108 Am. St. Rep. 119, 2 Ann. Cas. 770), are all "actions." The word "action" means the pursuit of a right in a court of justice without regard to the form of legal proceedings (*City of Boston* v. *Turner,* 201 Mass. 190, 87 N. E. 634).

The purpose of section 6766, supra, is obvious and useful. It is intended to make judicial proceedings deserving of trust and confidence by prohibiting interested partisans from assuming functions essentially nonpartisan. There is no reason in principle or authority why it should be given general application. The terms of the statute interpreted according to the established legal rules, above referred to, lead clearly and directly to the conclusion that a proceeding under the statute (Comp. Laws Utah 1917, §§ 7418-7424) for the voluntary dissolution of a corporation is an "action" within the meaning of Comp. Laws Utah 1917, § 6766.

It is contended further in behalf of the defendants that Knauss is not a party to the action because he made the application in his representative capacity as a director and in behalf of the corporation, and that he is not interested because his ownership of stock is small, and his interest is not adverse to, but in common with, other stockholders. These points are both untenable. It is hard to see why Knauss should not be considered a party to the proceeding, since the application was made in his name with others. A guardian ad litem, though acting in a representative capacity, is held to be a party to the action. *Thomas* v. *Safe-Deposit Co.,* 73 Md. 451, 21 Atl. 367, 23 Atl. 3. But even if he is technically not a party, he is still prohibited from being appointed receiver, because he is a "person interested in the action." That his ownership of stock is limited to a few shares of small value is of no consequence. The statute requires no particular degree or extent or quality of interest. But aside from his interest as a stockholder, he is interested in the accounting which must be made by

him as an officer of the corporation, and this interest is adverse to the plaintiffs, as is clearly shown by the pleadings in the dissolution proceedings.

Courts have a large discretion in the appointment of receivers, and, in the absence of statutory prohibitions, have in some cases appointed interested persons. In this jurisdiction, however, the statute must prevail, and the district court may not legally appoint Mr. Knauss· receiver in the action pending before it on account of his relationship to and interest in the proceedings.

It is suggested in the defendants' brief that the plaintiffs are seeking to impose upon the court their own nominee for receiver. That is not the alternative. The court may appoint any proper person not prohibited by law.

The prermptory writ is granted. Costs to be taxed against defendants other than the judge.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.