[Civ. No. 16185. Second Dist., Div. One. May 3, 1948.]

THE AUTOMOBILE INSURANCE COMPANY OF HART-FORD, CONNECTICUT (a Corporation) et al., Appellants, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

Crider, Runkle & Tilson and Clarence B. Runkle for Appellants.

L. A. Gibbons, Jerry H. Powell, Douglas C. Gregg, Jennings & Belcher and Robert W. McIntyre for Respondent.

WHITE, J.—This is an action by four insurance companies to recover the amounts which they paid under their respective insurance policies to their assured, Aero Tool Company, on account of a fire which damaged the plant of the assured, and for which fire plaintiffs contend that defendant was responsible.

The complaint contains twelve counts, three on behalf of each plaintiff. For purposes of consideration on this appeal, the three counts of each plaintiff may be regarded as being respectively the same, the charging allegations being identical.

The first counts allege that on or about April 3 and 28, 1942, defendant sold to Aero Tool Company a product manufactured and prepared by the former for cleaning greasy and oily floors. That at the times of said sales defendant "impliedly warranted . . . that the said products or material was non-inflammable and was fit and safe for said use." That said purchases were made in reliance upon such warranty. It is then alleged that the product was unfit and unsafe for use in cleaning greasy and oily floors in that the same was "highly inflammable and consequently dangerous." That "as a proximate result of said breach of said implied warranty, a fire

occurred at the plant of said Aero Tool Company . . . on or about May 17, 1942, while the floors of said plant were being cleaned with said product or material by the regularly employed janitor of said Aero Tool Company and when said product came in contact with a lighted match which was being used by said janitor, who did not know of said inflammable nature of said product or material.''

The second counts are the same as the first except that an express warranty of noninflammability is alleged rather than an implied warranty.

The third counts allege the same facts as the first two, but set forth that defendant was guilty of negligence. The negligent acts complained of are: (1) furnishing an inflammable grease and oil solvent in unmarked containers, and failure to warn Aero Tool Company of the inflammable character of the product; (2) representations made by defendant to Aero Tool Company that said material was noninflammable and safe for use in cleaning greasy and oily floors when in fact said product was ''highly inflammable and consequently highly dangerous for said use.''

Defendant answered the foregoing complaint, setting up, among other defenses, the bar of section 339, subdivision 1 of the Code of Civil Procedure.

When the cause was called for trial, defendant objected to the introduction of any evidence on the ground that the entire complaint was barred on its face by the foregoing provisions of the Code of Civil Procedure. The objection was sustained and judgment entered for defendant.

The sole question presented on this appeal is whether the complaint and the causes of action therein set forth are barred by the statute of limitations. Or, stated in another way, all that is involved is the period within which an insurance carrier may assert its personal subrogation rights against an alleged wrongdoer.

We are convinced that among the rights of an insurance company to recover a loss paid by it, which rights are claimed by subrogation to the rights of an insured against a third party responsible for a fire, there is included the right to the same statute of limitations period that applies to its insured. When the claim which the insured allegedly had against defendant herein was satisfied by plaintiffs they were subrogated to the position of Aero Tool Company, the insured. Having been so subrogated to the rights of the insured in respect to its claim against defendant, the plaintiffs herein are

entitled to the benefit of every right, lien and security which existed in favor of the insured. Manifestly, whatever period of limitation was applicable to the insured herein passed by subrogation to the insurance carriers, who by reason of such subrogation are put in the place of the party to whose rights they are subrogated. Upon principles of reason as well as natural justice, it seems only fair, right, just and equitable that one who is subrogated to the rights and remedies of another should be allowed the same time in which to enforce such rights that the law would have allowed to the person to whose rights and remedies he succeeds. (*Pond* v. *Dougherty*, 6 Cal.App. 686, 689 [92 P. 1035] ; 23 Cal.Jur. §§ 11, 12, p. 930; *Watts* v. *Eufaula Nat. Bank*, 76 Ala. 474, 479; *Sparks* v. *Childers*, 2 Ind.Terr. 187 [47 S.W. 316] ; *McClure* v. *Johnson*, 10 Okla. 663, 668 [65 P. 103] ; Pomeroy's Equity Jurisprudence (2d ed.), § 2351, p. 5203; *Smith* v. *Davis*, 71 W.Va. 316 [76 S.E. 670, 672, 43 L.R.A.N.S. 614].)

While in the case at bar there were no contractual relations between any of the plaintiffs and the defendant, and consequently, a direct action for reimbursement is not available, nevertheless plaintiffs do have available the remedy of subrogation in the same manner that such a remedy could be resorted to by a surety (Pomeroy's Equity Jurisprudence (2d ed.), p. 5187 and note 77). Section 2070 of the California Insurance Code provides that all fire insurance policies shall be on a standard form and that, except for certain named exceptions, shall not contain additions thereto or omissions therefrom. The prescribed standard form is set forth in section 2071 of the Insurance Code, and near the end thereof such standard form includes the following provision:

'' [Subrogation] : If this company shall claim that the fire was caused by the act or neglect of any person or corporation, this company shall, on payment of the loss be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment.''

The right of the insurer against a third party wrongdoer does not however, arise out of or depend upon any contractual relation or of privity between them, but emanates from the nature of the contract of insurance as a contract of indemnity. As was said in *Offer* v. *Superior Court*, 194 Cal. 114, 118 [228 P. 11], ''The right arises independent of a pro-

vision in the contract of insurance which gives the insurer the right to recover damages from the person responsible for the loss."

Respondent urges that upon appellants' own theory of the case it falls within the provisions of section 339, subdivision 1 of the Code of Civil Procedure, which provides a two-year period. That the limitation period within which Aero Tool Company, the insured company, could have maintained an action against respondent is two years for the reason that under appellants' complaint, as to the insured, if any right of action at all is shown, it was only a right of action for breach of contract, which contract is oral and not evidenced by an instrument in writing. That the action is one "*ex contractu.*" Appellants, on the contrary, contend that the right of action on the part of the insured Aero Tool Company, to which appellants claim is to be subrogated is "*ex delicto,*" for the tortious injury to property and is controlled by subdivisions 2 and 3 of section 338 of the Code of Civil Procedure which provide a three-year period within which such an action may be commenced.

In determining whether an action is on the contract or in tort, we deem it correct to say that it is the nature of the grievance rather than the form of the pleadings that determines the character of the action. If the complaint states a cause of action in tort, and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of or breach of a contract. In other words, it is the object of the action, rather than the theory upon which recovery is sought that is controlling (*Gosling* v. *Nichols,* 59 Cal.App.2d 442, 444 [139 P.2d 86]; *Lowe* v. *Ozmun,* 137 Cal. 257, 259 [70 P. 87]; *Krebenios* v. *Lindauer,* 175 Cal. 431, 433 [166 P. 17]; *Nathan* v. *Locke,* 108 Cal.App. 158, 161, 162 [287 P. 550, 291 P. 286]; *Kings Laboratories* v. *Yucaipa Valley F. Co.,* 18 Cal.App.2d 47, 49 [62 P.2d 1054]).

In 16 California Jurisprudence, page 471, section 74, it is said: "While in many instances a person injured may elect to sue either in contract or in tort, when he sets up a contract merely as a matter of inducement in order to show that he was not a trespasser *or that a definite legal duty was owing him,* the gravamen of the action is ex delicto and not ex contractu, and the period of limitation prescribed for suits upon contracts has no application." (Emphasis added.)

■ We are impressed that in the case now engaging our attention, the contract as pleaded had nothing whatever to do with the liability other than to create a duty on the part of respondent herein, and the action is grounded not upon the contract, but upon the duty springing from the relation created by it. While appellants might have elected to sue either in tort or in contract, it clearly appears to us that the instant action is based upon the injury done to property. It, therefore, comes under the provisions of section 338 of the Code of Civil Procedure, which provides that the statutory period for commencing an action for injuring real property and goods and chattels is three years, and that, regardless of the theory upon which relief is sought, viz., whether on a negligence theory or a breach of warranty theory. In the case at bar the pleader was evidently following the commonly accepted practice of setting up the contract of warranty as a matter of inducement to show that a definite legal duty arose on the part of the respondent. Where, as here, the breach of duty and consequent injury to one of the parties to such contract are set forth, it is the violation of its duty by respondent that is the *gravamen* of the action, which accordingly sounds in tort and is not *"ex contractu"* (*Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33, 35, 36 [134 P. 993]). Whatever may be said as to counts 1 and 2, to us it is manifest that count 3 sounds in tort because it definitely charges that the fire and consequent damage to property was occasioned by the negligerce of respondent wholly separate and apart from any obligation arising out of the contract or from the negligent performance thereof.

■ Respondent's argument concerning the rule that a manufacturer is not liable to the ultimate consumer of a product who has purchased through a middleman because of lack of privity is unavailing. The rule in question has no application to the case at bar because Aero Tool Company, the assured of appellants herein, and in whose shoes these appellants stand, purchased the products direct from respondent.

Strong reliance is placed by respondent upon the case of *Phoenix Insurance Co.* v. *Pacific Lumber Co.*, 1 Cal.App. 156 [81 P. 976], and that the trial judge placed equal reliance thereon is evidenced by his statement made at the time he ruled upon the objection to the introduction of any evidence, wherein he said: "The court rules that the objection to the introduction of any evidence made by the defendant is good

and sustains the objection under the authority of the case that has been cited (*Phoenix Insurance Co. v. Pacific Lumber Co., supra*), and Section 339, Subdivision 1 of the Code of Civil Procedure. That covers it."

The cited case was one wherein plaintiff insurance company by its complaint alleged that certain property owned by one Hazelton was insured by it. That while said insurance was in force, defendant wilfully and carelessly kindled a fire on its own land and negligently suffered the said fire to extend beyond its own land, to and upon the land of Hazelton, destroying the insured property. It was then alleged that all of said negligent acts were "contrary to statutory provisions under Section 3344 of the Political Code of this state," which at that time read: "Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land, is liable in *treble* damages." (Emphasis added.)

Defendant demurred to the complaint on the ground, among others, that the causes of action set forth therein were barred by sections 339 and 340 of the Code of Civil Procedure. The demurrer was sustained and plaintiff appealed.

It was appellant's contention that the stated causes of action rested upon the aforesaid section 3344 of the Political Code which brought them within the purview of section 338 of the Code of Civil Procedure, which provides that "An action upon a liability created by statute, *other than a penalty or forfeiture*" (emphasis added) must be brought within three years.

Respondent answered that if the action was based on section 3344 of the Political Code, it was necessarily an action to recover a penalty, and was, therefore, subject to the one-year period provided in section 340 of the Code of Civil Procedure. The major contention, however, was that section 3344 did not create any statutory liability but was simply declarative of a preexisting common law liability, adding some penalty features thereto of which appellant did not attempt to avail itself.

No mention is made in the briefs or in the decision of subdivisions 2 or 3 of section 338 of the Code of Civil Procedure, nor of the applicability of these subdivisions to appellants' subrogation remedy. Apparently, it was assumed by all parties to the litigation and the court as well, that the cause of action against respondent rested upon the general "liability not founded upon an instrument in writing," referred to

in subdivision 1 of section 339. And this assumption was indulged in notwithstanding that in the case of *Lowe* v. *Ozmun, supra,* page 259, it was squarely held that the general wording in section 339 of the Code of Civil Procedure is not applicable to an action specifically covered by some other code section. Subdivision 3 of section 338 of the Code of Civil Procedure expressly applies to "[a]n action for taking, detaining or injuring any goods or chattels." As heretofore indicated, we are satisfied that the Aero Tool Company could have sued respondent upon a negligence theory or a warranty theory. Appellants herein were its insurers, and pursuant to their policies of insurance, they paid Aero Tool Company's loss. They therefore, became subrogated to the same causes of action with which the insured was vested. The instant action being for injuring real property and goods or chattels, it comes within the provisions of section 338 of the Code of Civil Procedure. Although, in the cited case, the code provision just mentioned was ignored, we are constrained to hold that any language contained in the decision from which it can be inferred that the provisions of section 338 of the Code of Civil Procedure are not applicable to a cause of action such as the one now before us is directly contrary to the authorities relied upon by us herein, as well as the reason and logic therein contained, and should not therefore, be followed.

Finally, respondent asserts that, assuming for purposes of argument only, the complaint states a cause of action in tort, the court's ruling rejecting all evidence was correct for the reason that the complaint alleges contributory negligence as a matter of law. With this contention we cannot agree. The complaint specifically alleges that the janitor who lighted the match did not know that the floor-cleaning compound was inflammable. Neither can we subscribe to respondent's claim that any reasonable or prudent person should know that a cleaning solvent is inflammable. We find nothing on the face of the complaint from which it can be inferred that Aero Tool Company or any of its employees was guilty of contributory negligence as a matter of law.

For the foregoing reasons, the judgment is reversed, and the cause remanded.

Doran, Acting P. J., and Bartlett, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 1, 1948.