## UTAH POULTRY & FARMERS COOPERATIVE v. UTAH ICE & STORAGE CO.

No. 4170.

United States Court of Appeals
Tenth Circuit.

Feb. 28, 1951.

Rehearing Denied March 26, 1951.

Beverly S. Clendenin, Salt Lake City, Utah (Irwin Clawson and Peter W. Billings, Salt Lake City, Utah on the brief), for appellant.

Donald C. McCreery, Denver, Colo. (Dean F. Brayton, Salt Lake City, Utah and J. Colin James, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The Utah Poultry & Farmers Cooperative, a Utah corporation, brought this action against the Utah Ice & Storage Company, a Colorado corporation, to recover damages for the deterioration of a large quantity of eggs stored in the warehouses of the storage company at Salt Lake City and Provo, Utah. The complaint alleged that pursuant to an agreement between the parties, the storage company undertook to place the eggs in cold storage rooms under constant and uniform temperatures, and such other proper conditions of storage as would preserve them for marketing; that it agreed to exercise such care in their storage and preservation as a reasonably prudent cold storage warehouseman would exercise in regard to similar eggs of his own held for similar purposes; that it failed to exercise the agreed care, with resulting damage to the eggs in the sum of $57,004.74. As evidence of the alleged agreement, there is attached to and made a part of the complaint, a warehouse receipt setting forth the terms and conditions under which the eggs were accepted for storage, and limiting the storage company's liability to the "reasonable care and diligence required by law."

Upon motion, the trial court granted a summary judgment on the grounds that the suit was barred by the Utah three year statute of limitations, governing actions "for taking, detaining or injuring personal property". U.C.A.1943, Sec. 104–2–24. Concededly, the action is barred if the three year statute is applicable, and the sole question on appeal is the appropriate Utah statute of limitations.

Appellant contends that the three year statute governs only actions for a tortious "taking, detaining or injuring personal property"; that it has no application to an action founded on contract, and that the Utah six year statute relating to actions "upon any contract, obligation or liability founded upon an instrument in writing" is the appropriate statute for the action pleaded in this complaint. U.C.A.1943, 104–2–22. Appellee contends, and the trial court took the view, that the three year statute is "all inclusive" of actions for injuries to personal property, regardless of whether relief is sought on a tort or breach of contract theory.

The three year statute was taken from, and is identical to, Section 338 of the California Code of Civil Procedure, and the Utah courts have relied upon and followed California decisions in the construction and application of this statute. See Reese v. Qualtrough, 48 Utah 23, 156 P. 955, 14 A.L.R. 94. No decision has been cited, and we have found none, wherein the courts of Utah or California have specifically held the three year statute "all inclusive", of actions for injuries to personal property. We think, however, that the language of the adjudicated cases indicates a disposition to apply the statute to all actions for "taking, detaining or injuring personal property".

Thus, the California Supreme Court has said that this statute is "applicable to all cases 'of unlawful taking or detaining of personal property,' whatever the form of action." Bell v. Bank of California, 153 Cal. 234, 94 P. 889, 893. And, it has been said that the statute is applicable whether the suit is brought on "a negligence theory or a breach of warranty theory." Automobile Ins. Co. v. Union Oil Co., 85 Cal. App.2d 302, 193 P.2d 48, 51. See also Gosling v. Nichols, 59 Cal.App.2d 442, 139 P.2d 86; Lowe v. Ozmun, 137 Cal. 257, 70 P. 87; Nathan v. Locke, 108 Cal.App. 158, 287 P. 550, 291 P. 286. In speaking of the applicability of this statute, the Supreme Court of Utah in Reese v. Qualtrough, supra, said "if the injuries are to personal property, the statute fixes the time within which such an action must be brought, and the name of the action can have no effect upon the question of what statute controls." 156 P. at page 959. See also Taylor Bros. Co. v. Duden, 112 Utah 436, 188 P.2d 995. Speaking of an identical statute, the Idaho Supreme Court in Common School District No. 18 v. Twin Falls Bank & Trust Co., 52 Idaho 200, 12 P.2d 774, 775, stated, "The statute says 'an action.' It does not place the limitation upon an action in tort, but upon any action based upon a wrongful taking, detaining, or injuring of goods or chattels, * * *".

In speaking of the immateriality of the "form of action" to which the statute is applicable, we think the courts undoubtedly used that term in its generic sense to denote a claim for relief on any legal basis. See Dinsmore v. Barker, 61 Utah 332, 212 P. 1109. Certainly, there is nothing in the statute indicating a legislative purpose to cut off remedies for tortious injuries to personal property, while making it inapplicable to remedies for injuries resulting from the breach of contract. To so construe the statute would lead to an anomalous situation, with both a three year and a six year limitation applying to the same action, depending merely upon the form in which the pleader chose to cast his complaint. See Common School Dist. No. 18 v. Twin Falls Bank & Trust Co., supra, 52 Idaho 200, 12 P.2d 774, at page 776.

But, be that as it may, we are convinced beyond doubt that the action or claim here is in the nature of, or sounds in tort, and would therefore be barred under appellant's own theory of the case. To be sure, the warehouse receipt constitutes a contract between the owner of goods and the warehouseman, the latter to store and the former to pay for that service, and the parties may maintain an action ex contractu for a breach of its specific terms. 56 Am.Jur. Warehouses, Section 228; Williston on Contract, Vol. 1, Revised Edition, Section 90B. But, contrary to the contentions of appellant, the warehouse receipt pleaded here, did not create any duty beyond the legal duty imposed by statute. Rather, it specifically provides that the liability of the appellee under the storage contract is limited to the "diligence and care required by law".

The legal duty of a warehouseman is statutory in Utah. See Warehouse Receipts Act, U.C.A.1943, Sections 99-0-1 to 99-0-56, and this action grows out of a breach of that duty. The warehouse receipt did no more than show the relationship as to which the statute imposed the legal duty. See Automobile Ins. Co. v. Union Oil Co., 85 Cal.App.2d 302, 193 P.2d 48; McClure v. Johnson, 50 Ariz. 76, 69 P. 2d 573. See also Petty & Riddle, Inc., v. Lunt, 104 Utah 130, 138 P.2d 648. A breach of the storage contract is a breach of the statutory duty—hence tortious, and an action or claim for injuries to personal property resulting from that breach is barred by the three year statute. Automobile Ins. Co. v. Union Oil Co., supra.

The judgment is affirmed.