515 P.2d 1190

Frank GOURDIN and Carmen E. Gourdin, husband and wife, Appellants,

v.

MARYLAND CASUALTY COMPANY, a corporation, Appellee.

No. 2 CA–CIV 1375.

Court of Appeals of Arizona, Division 2.

Nov. 19, 1973.

———◆———

James F. Haythornewhite and Kerry A. McDonald, Nogales, for appellants.

Harley T. Morris, Nogales, Johnson, Hayes & Dowdall, Ltd., by Anthony D. Terry, Tucson, for appellee.

whatsoever, be a question of fact and shall, at all times, be left to the jury."

OPINION

HOWARD, Judge.

In October of 1965 and prior thereto, appellant Frank Gourdin embezzled funds from one or both of his employers, Ocean Gardens Products, Inc., and Oceanic Sales Corporation. Appellant's employers were insured by the appellee insurance company against loss resulting from wrongful acts of their employees. On July 22, 1966, the appellee remitted a check for $920 to Ocean Gardens Products, Inc., under the terms of its insurance policy.

This action was commenced on March 20, 1970 by the appellee against appellants for the collection of the $920. Appellants raised the defense of the statute of limitations under A.R.S. § 12–542 which provided:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

1. For injuries done to the person of another.

2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured.

3. For trespass for injury done to the estate or the property of another.

4. For taking or carrying away the goods and chattels of another.

5. For detaining the personal property of another and for converting such property to one's own use.

6. For forcible entry or forcible detainer, which action shall be considered as accruing at the commencement of the forcible entry or detainer."

The trial court rejected this defense on the grounds that A.R.S. § 12–548 was the applicable statute. A.R.S. § 12–548 provided:

"An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward."

The trial court entered judgment for the appellee.

We find that the trial court erred in its determination of the applicable statute and, accordingly, we must reverse.

By virtue of the terms of the policy of insurance the appellee stepped into the shoes of its insureds. It succeeded to any cause of action that the employers had against appellants.

Whatever period of limitation was applicable to the insured passed by subrogation to the appellee, who, by reason of such subrogation is put in the place of the party to whose rights it is subrogated. Automobile Insurance Company of Hartford v. Union Oil Company, 85 Cal.App.2d 302, 193 P.2d 48 (1948).

The insured's cause of action against appellants was for conversion and fell within the two-year period prescribed by A.R.S. § 12–542(5). Having stepped into its insured's shoes, appellee was also subject to the same period of limitations. Appellee's cause of action was not for "subrogation" and was not evidenced by or founded upon a contract in writing. It was founded upon a tort, conversion.

The judgment is reversed and the trial court is ordered to enter judgment in favor of the appellants and against the appellee.

KRUCKER, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.