# O'NEILL v. SAN PEDRO, LOS ANGELES AND SALT LAKE RAILROAD COMPANY.

## No. 2183.   Decided February 9, 1911 (114 Pac. 127).

1. LIMITATION OF ACTIONS—INJURIES TO REAL PROPERTY—"TRESPASS"
—STATUTE—CONSTRUCTION.  Comp. Laws 1907, sec. 2877, subd. 2,
providing that actions for trespass on real property shall be
commenced within three years, refers to the common-law action
of trespass, which was the remedy for a wrongful entry on
lands, and not to trespass on the case, and hence does not
include an action against a railroad company for injuries to
the house of one living near the road by the jar of the trains
and the emission of smoke and cinders; the limitation applica-
ble to such actions being four years under, section 2883, as an
action not otherwise provided for.  (Page 479.)

2. EMINENT DOMAIN — SUBJECTS OF COMPENSATION — INJURIES TO
PROPERTY—SMOKE AND VIBRATION.  Except for the provisions of
Const., art. 1, sec. 22, forbidding damage to private property
for public use, no action would lie against a railroad company
for mere consequential injury to real property by the jar of
passing trains and the smoke and cinders, where the road was
carefully and properly built and operated.   (Page 479.)

3. EMINENT DOMAIN—INJURIES TO REAL PROPERTY—DAMAGES—EVI-
DENCE.  In an action for injuries to plaintiff's house by the
jar of defendant's passing trains and by the smoke and cinders,
evidence was admissible for plaintiff of the cracking of the
walls, the settling of the floors, and of other specific effects,
though there was expert evidence as to the diminution in value
of the property, especially where the experts differed widely
in their evidence as to value, as the jury could better weigh
the expert testimony in the light of actual results; and this
notwithstanding that the cause of action was single, for which
all damages must be recovered in one action, to be assessed
as of the time when the first injury to the property occurred,
however slight.  (Page 481.)

4. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.
In such action, the admission of evidence that branches of a
tree on plaintiff's premises had been cut by linemen in con-
structing a telegraph line on defendant's right of way, with-
out connecting their acts with defendant, though error, was
harmless, where no damages were claimed therefor, and, under
the charge, none could have been allowed, especially as any
damage from such acts would be so slight as not to call for
reversal.  (Page 483.)

5. EMINENT DOMAIN—INJURY TO REAL PROPERTY—DAMAGES—EVIDENCE. Nor was there error in admitting evidence that plaintiff had to pay a higher rate for fire insurance because of the proximity of the engines, since the defendant would only be liable for setting fire to plaintiff's house in case of negligence, and, in the absence of negligence, an insurance company would have no recourse to defendant for a loss which it had paid, so that there might well be an increase of rate to fall on plaintiff. (Page 483.)

6. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE. Any error in overruling an objection to the question whether plaintiff had to pay a higher rate for fire insurance because of the proximity of the engines, in that the particular hazard was not mentioned from which alone an increase could result, was harmless, where no evidence of the rates of premium was shown, so that no damages could have been awarded on that ground. (Page 484.)

7. EMINENT DOMAIN—INJURY TO PROPERTY—DAMAGES. In an action for damages to plaintiff's property by the jar of passing trains on defendant's road, and from smoke and cinders, the construction and operation of the road being conceded to be careful and proper, damages for negligent operation cannot be recovered, but only those which are the proximate result of careful and proper operation of the road. (Page 484.)

8. TRIAL—INSTRUCTIONS—CURE OF ERROR. There was no available error in failing to expressly limit the jury to the proper measure of damages where plaintiff's counsel repeatedly disclaimed during the trial any damages except on specified and proper grounds, and where the court, in effect, also properly limited the jury as to the measure and extent of damages to be allowed. (Page 484.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by William O'Neill against the San Pedro, Los Angeles and Salt Lake Railroad Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Penneil Cherrington* for appellant.

*D. B. Hempstead* for respondent.

FRICK, C. J.

Respondent brought this action against appellant to recover for alleged injuries to respondent's dwelling house and premises, which, he alleged, were caused by the operation of appellant's engines and trains. ' The material allegations in the complaint, in substance, are:    That respondent in January, 1904, became, and when this action was commenced continued to be, the owner in fee of certain real property in Salt Lake County; that ever since he became such owner he maintained a dwelling house on said premises in which he lived, and continues to live, with his family; that in the year 1905 appellant constructed a railroad track on premises belonging to it, which are immediately adjoining the premises of respondent as aforesaid, and that appellant ever since said time has maintained and continues to maintain said track, which is only twenty-one feet distant from respondent's said dwelling house on the premises aforesaid; that ever since the construction of said railroad track, and up to the commencement of this action, appellant has operated engines propelled by steam power to which were attached both freight and passenger trains, and which engines and trains were and are being operated over said track both by day and by night; that the operation of said engines and trains caused the ground upon which said dwelling house stands, together with said house, to tremble and shake, and by reason thereof the walls of said house have become cracked in various places, and said house by reason thereof is in a dangerous condition and will eventually fall; that the shaking of said house and the smoke and cinders incident to the operation of said engines and trains over said track have practically made said dwelling house uninhabitable, and have greatly reduced the value of appellant's said property.    He further alleged that the damages sustained by him amounted to the sum of one thousand, and five hundred dollars, for which he prayed judgment.    The appellant interposed a demurrer to the complaint on the ground that the action was barred by reason of subdivision 2, section 2877, Comp. Laws 1907, which, in substance, provides that "an

action for waste or trespass of real property" must be commenced within three years after the cause of action has accrued. The demurrer was overruled, and the appellant answered, denying that respondent was the owner of the property, but admitted that it had constructed a railroad track, and that it operated engines and trains over it as alleged, and denied all other allegations contained in the complaint. As an affirmative defense appellant in its answer again interposed the plea that the action was barred upon the grounds stated in the demurrer. At the trial respondent, in substance, proved the allegations of his complaint, and in that regard showed to what extent the operation of the engines and trains had injured his dwelling house by shaking it, in consequence of which the walls were cracked and had settled, and that the house was otherwise injured. Respondent also produced two expert witnesses who were qualified to testify to the value of the premises both before and after the railroad was constructed and operated. One of those witnesses testified that the construction, maintenance, and operation of the railroad had depreciated the salable value of respondent's premises to the extent of one thousand, five hundred dollars, and the other one testified that the premises were depreciated for the reasons aforesaid to the extent of one thousand, two hundred dollars. Appellant also produced two experts who testified with respect to the effect the operation of the railroad had upon the premises in question. One said that the construction and operation of the railroad depreciated the value of the property to the extent of four hundred dollars, and the other one placed it at two hundred dollars. After the evidence had all been submitted by both parties, the jury were permitted to inspect the premises, after which they returned a verdict in favor of respondent for the sum of one thousand, two hundred dollars. The appellant moved for a new trial. One of the grounds for a new trial was that the jury had allowed excessive damages. The court required the respondent to reduce the verdict to the sum of eight hundred dollars or submit to a new trial. Respondent elected to

accept the sum of eight hundred dollars, and the court entered judgment for that amount, from which judgment this appeal is prosecuted.

We shall consider only the errors argued by appellant's counsel in his printed brief.

The first error assigned by him is that the trial court erred because it held that the action was not barred for the reasons before stated. In this connection appellant's counsel contends that the action is one which comes within the provisions of subdivision 2 of section 2877, *supra*. While it is true that, under our Constitution and statutes, all forms of actions have been abolished, and, for that reason, the common-law names that were applied to the various actions or remedies no longer have any practical force or effect, yet, when a court is called upon to give effect to a particular statute, the old terms, as used by the common-law writers, cannot be entirely ignored. In section 2877, *supra,* the term "trespass" is intended to be understood as that term always has been understood when applied to real property as contradistinguished from the general meaning of that term when applied to wrongs or transactions generally. The term "trespass," as used in section 2877, *supra,* must therefore be applied in a restricted sense, and, when so applied, it means a wrongful entry upon lands or the unlawful entry by one person upon the lands of another. In *Hornsby v. Davis* (Tenn. Ch.) 36 S. W. 164, it is said: "In law every entry upon the soil of another, in the absence of lawful authority, without the owner's license, is a trespass." For authorities sustaining the foregoing views, see Words & Phrases, p. 7089, where the cases with respect to the term "trespass" as applied to real propetry are collated. We are clearly of the opinion that the cause of action declared on in the case at bar is what at common law was termed an action on the case, and not one for a trespass. We are also of the opinion that, were it not for the provisions contained in section 22 of article 1 of the Constitution of this state, an action would lie for mere consequential injuries to real property by reason of

the construction and operation of the railroad, where, as in this case, it is conceded that the railroad was carefully and properly constructed and being operated with due and proper care, and that no part of the property has been taken or physically invaded. We have heretofore had occasion to illustrate and apply the conditions and circumstances under which actions for damages arising out of the construction and operation of a railroad may be maintained. In the case of *Morris v. O. S. L. R. Co.,* 36 Utah 14, 102 Pac. 629, a recovery was permitted upon the theory that the property was damaged within the purview of the constitutional provision referred to. That case in principle cannot be distinguished from the case at bar. In the case of *Twenty-Second Corporation, etc., v. O. S. L. R. Co.,* 36 Utah 238, 103 Pac. 243, 23 L. R. A. (N. S.) 860, a recovery was denied because the alleged damages did not come within the constitutional provision aforesaid. The recovery in the Morris Case *supra,* was, however, not permitted upon the ground that the injurious acts complained of constituted a trespass on real property. We are clearly of the opinion that actions like the case of *Morris v. O. S. L. R. Co., supra,* and one like the case at bar, fall within the provisions of section 2883, which provides for a four-year limitation in all cases that are not otherwise specially provided for. If we are right in our conclusion that this action is not one which falls within the provisions of section 2877, *supra,* then there is no other special provision governing it, and hence it must come under the general provisions contained in section 2883. Such is likewise the conclusion reached by many courts. See *Omaha & R. V. Ry. v. Moschel,* 38 Neb. 281, 56 N. W. 875; *Pratt v. D. N. N. Ry.,* 72 Iowa, 249, 33 N. W. 666; 2 Lewis, Em. Dom. (3d Ed.), section 968, where some of the cases are collated. See, also, note to *Wells v. New Haven & N. Co.,* 1 Am. R. R. & C. Rep., commencing at page 719 to 724; 2 Lewis, Em. Dom. (3d Ed.), sections 890-892. This assignment must therefore be overruled.

The next assignment relates to the admission of evidence. During the trial the court permitted the respondent to show,

over the objection of appellant, in what praticulars the operation of the railroad injured the dwelling house by the cracking of the walls, by the settling of the floors, and other specific effects. Evidence was also admitted over appellant's objection with regard to the burning of the leaves of a tree by the engine, and that some of the limbs or branches of the tree had been cut by some linemen who put up a telegraph line along appellant's right of way. The evidence with repect to the effect that the passing of the trains had upon the house was in our judgment clearly proper, notwithstanding the testimony of the expert wit-       3
nesses who testified respecting the diminution of the value of the property. By having the jury fully informed with regard to the effect the movement of the trains had upon the house, they could better understand and apply the testimony of the experts respecting the depreciation of the value of the property. The mere fact that expert witnesses were so far apart with regard to the depreciation of the value of the property is alone a sufficient justification for permitting the jury to become informed of the actual condition of the property both before and after the railroad was constructed and operated. True, in cases like the one at bar the damages must be recovered once for all in one action, and must be assessed as having occurred at the time when the first injury to the property arose because a complete cause or right of action then arose in favor of respondent. To this right nothing could be added, since it was just as complete a cause or right of action after the first train passed the house and shook it and injured it to some extent as it was after a hundred trains had passed and had shaken it, and injured it more. Since the railroad was, however, constructed as a permanent structure and was intended to be operated as a continuing enterprise, the injury and damages to the house and premises were also continuing, and could more easily be percieved and understood after a hundred trains had passed than they could have been after the first one had done so. No doubt a person of ordinary intelligence

and experience after noting the effect that the passing of one train had upon the house could, in a measure at lest, foreshadow the effect that the passing of a hundred or a thousand similar trains would have, and in that way such person sould approximate the depreciation of the value of the premises for dwelling purposes. If the action, therefore, had been brought immediately after appellant had commenced the operation of its trains, and after the house had had been shaken for a few times only, any person of experience with special knowledge upon the subject of buildings could have imagined the effect a continued shaking of the house would have, and thus, as we have said, in a measure at least, could have approximated the damages. This is the theory or method, as we understand counsel, that he insists should have been pursued rather than to permit the witnesses to state the actual condition of the house as this condition was seen several years after the actual cause of action had arisen. We have already stated, and counsel for both parties agree with us, that all damages, whether immediate or prospective, in actions like the one at bar, must be recovered in one action, and must be assessed as of the time when the cause of action arose whether the damages were then actually visible or not. This would, however, not require the claimant to bring an action immediately, nor would it prevent him from showing just what effect the proper operation of the trains had upon the premises in question, provided he brought the action within the statutory period to which we have referred. In considering such evidence, however, the court and jury no doubt would have to exercise care to limit it to the actual effect attributable to the proper operation of the trains and to exclude the effects of the elements, natural wear and tear, and the usual deterioration of the building. So far as the evidence was limited to the actual effect of the passing of the trains and engines, the court, in view of the instructions to the jury, committed no error in permitting the evidence complained of.

What has been said also disposes of the exception to the remarks made by the judge when the evidence relative to the condition of the house was admitted.

The admission of the evidence with respect to what the linemen did in cutting the branches of the tree, in view that it was not shown that their acts were connected with the operation of the railroad, was perhaps technically erroneous. There was, however, no claim for damages upon this ground, and, under the instructions of the court, none could have been allowed by the jury. Moreover, the damages, if any, resulting from the acts now complained of, would necessarily be so slight that we would not reverse the case upon this ground and for this reason alone.

Respondent, over the objection of appellant's counsel, was also asked the question whether or not he was "charged a higher rate of insurance by reason of the proximity of those engines," which he answered, "Yes, sir." This is also urged as error. No doubt, if through the negligence of appellant its engines would have caused respondent's dwelling to be set on fire and destroyed, he could have recovered the value therof from appellant in a proper action, and, in case it was insured, the insurance company could have paid the loss and recovered the amount it was required to pay upon the policy from the railroad company. At first blush, it would seem, therefore, that evidence of this character was irrelevant to any issue in a case like the one at bar. It should not be overlooked, however, that a recovery against the appellant could only be had if respondent could show that the fire was caused through its negligence. Appellant in operating its trains with steam engines which may set fire is nevertheless engaged in a lawful business, and, although its engines had set fire to respondent's dwelling, yet, in the absence of an express statute making it liable for setting fire, it would not have been liable unless the fire was caused by some act of commission or omission constituting negligence on its part. Respondent thus could recover only in case the fire was negligently caused. It follows,

therefore, that there may be a risk or hazard which is covered by an insurance policy, but which cannot be reached in an action against the railroad company, where negligence is not the basis of the action. If the insurance rate is raised to any extent by reason of the latter risk, it falls upon the owner of the property. True, in this case, the question was not limited to this particular risk or hazard as it should have been, but, in view that nothing was said about what the increase in the rate was, the jury could not have allowed any amount on this ground, and, if they did not, no prejudice resulted to appellant.

The last assignment to be specifically noticed is that the court erred in giving certain instructions to the jury, in which the court did not limit the jury in determining the amount of damages to such damages only as necessarily arose from the proper and careful operation of appellant's engines and trains. Counsel's claim is certainly correct that in cases like the one at bar no recovery can be allowed except for injuries and damages which are the proximate result of the proper and careful operation of the engines and trains. Damages arising from the negligent operation of engines and trains would have to be recovered in an action grounded upon negligence, and in such an action only the damages which had accrued within four years immediately preceding the bringing of the action could be recovered, and successive actions for successive acts of negligence might be sustained. In cases like this one the jury should therefore, be told that only such damages as were caused by the proper and careful operation of the engines and trains should be considered and allowed by them. Although the court did not in this case in express terms tell the jury not to allow any other damages, yet it is apparent from the whole record and from all of the instructions when considered as a whole that the jury were not misled in that regard. During the trial, both counsel, in the presence and hearing of the jury, agreed that no recovery could be had for any acts of negligence. Counsel for appellant does not dispute this, but insists

that, in view of the scope of the evidence permitted by the court, the jury might have allowed damages for various matters and things. A complete answer to this is (1) that respondent's counsel at the trial repeatedly disclaimed any damages except for the diminution of the value of the premises which was caused by the proper operation of the railroad; and (2) because the court in substance and effect instructed the jury that such was the measure and extent of the damages they could allow the respondent. We have carefully read and considered the instructions, and we are convinced that, when they are read and considered as a whole, appellant has no cause for complaint.

What we have already said also covers the exceptions to all other instructions.

After a careful examination of the record, we have been unable to discover any prejudicial error. The judgment is therefore affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.