Jones, J.
 

 Counsel for plaintiff in error asks ús to reverse the judgment of the lower courts for various reasons. He maintains: (1) That his cause of action arose from a breach of contract and is controlled by the statutory limitation applying to contract breaches. (2) If that statute does not apply, he maintains that his action states a cause for “trespassing upon real property” or for “injuring it,” within the meaning of Section 11224, General Code, whereby an action may be brought within four years after the cause accrued. He further maintains that, should the court decide that the one-year statute of limitation applies to slander of title as well as to slander of person, since the dismissal of his action in the federal court occurred on November 21, 1928, and the present action was instituted May 9, 1929, Section 11233, General Code, permits the action to be renewed within one year after such dismissal. Answering these contentions seriatim:
 

 The claim that the cause of action arose upon a contract or its breach has no legal merit. The cause of action is based, not upon the mortgage contract, but upon a tort committed after its execution; upon the tortious statements of the insurance company. The special damages sought were grounded upon the defamatory allegations touching the plaintiff’s title; had such allegations not been made, the plaintiff would have no cause of action.
 

 If his cause of action is not based upon contract,
 
 *269
 
 plaintiff in error contends that it conld be brought within four years, as being either an action “for injury to property” or “for trespass upon real property” under Section 11224, General Code. While under the common law the definition of “trespass” may have been sufficiently broad to include all kinds of trespass, including trespass upon real property, or trespass on the case for injuring a person’s reputation, wherein damages might be recovered in one or the other form of action, under our Code the phrase “trespass upon real property” has acquired a more limited and technical meaning. Trespass upon real estate connotes some physical invasion or an unlawful entry upon real property, whereby the damages ensuing were direct and not consequential.
 
 Harrington
 
 v.
 
 Heath,
 
 15 Ohio, 483. There the court had before it the question whether a statute giving justices of the peace jurisdiction in “trespass on real estate” included jurisdiction over nuisances upon lands, within the purview of that phrase. Read, Judge, in denying the scope of the justices’ jurisdiction, said: “The words
 
 trespass
 
 and
 
 case
 
 both, in their ordinary and legal sense, have a " different meaning; the word
 
 trespass
 
 applying to injuries resulting from direct force, and
 
 case
 
 to such as are consequential.”
 

 In
 
 Roundtree
 
 v.
 
 Brantley,
 
 34 Ala., 544, 73 Am. Dec., 470, wherein two statutes of limitation were involved, it was held that consequential injury to land constituting trespass upon the case did not fall within the period of limitation applying to “actions for a trespass to real or personal property.” In its opinion the court said: “It is argued that trespass is a comprehensive term, which includes trespass on
 
 *270
 
 the case; and that this cause of action is a trespass on the case to real or personal property, which is embraced in the section under the term ‘trespass.’ It is true that
 
 trespass,
 
 in one sense, means an injury or wrong; and, in that sense, it would include every cause of action, at least in tort. But trespass has, in the law, a well ascertained and fixed meaning. It refers to injuries which are immediate, and not consequential.”
 

 In a case also involving a statute of limitation applying to trespass upon real property, it was held: ‘ ‘ Trespass upon real property as used in said section only contemplates and comprehends a direct physical invasion of the real estate itself. It has no reference to consequential injuries resulting from any act which does not amount to a physical invasion of the property itself.”
 
 Denney
 
 v.
 
 City of Everett,
 
 46 Wash., 342, 89 P., 934, 935, 123 Am. St. Rep., 934.
 

 In
 
 O’Neill
 
 v.
 
 San Pedro, Los Angeles & Salt Lake Rd. Co.,
 
 38 Utah, 475, 114 P., 127, there was a statute of limitations providing that “actions for trespass on real property” should be commenced within three years. The plaintiff’s house, located near a railroad, was injured by the jar of trains and the emission of smoke and cinders. The court held that the term “trespass” as applied to real property, as distinguished from the broader meaning of that term applying to wrongs generally, meant a wrongful entry upon the lands of another and did not include indirect or consequential injuries for which damages were sought in common-law actions for a trespass on the case; and that, in order to maintain an action for trespass upon real property, the injury must be
 
 *271
 
 such as resulted from unlawful entrance upon, or from some direct force upon, lands.
 

 Section 11225, General Code, provides that actions for libel and slander shall be brought within one year after the cause thereof accrued. That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander or libel against the person only; nor is it confined to any particular kind of slander — slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction.
 

 The cross-petition of the insurance company, wherein the alleged defamatory language was used, was dismissed July 23, 1926. Assuming that the statute of limitations was tolled until that date, Buehrer instituted his action in the Lucas county court on July 8, 1927, seeking damages for the same wrongful acts herein complained of. That action brought within one year from July 23, 1926, was removed to the federal court, and by it dismissed on November 21, 1928. The cross-petition of Buehrer in this case was filed May 9, 1929, within one year after such dismissal, but more than one year after the cause of action accrued. The order of dismissal of the federal court has already been quoted. Counsel for plaintiff in error now contends that if we hold that the one-year statute of limitation does cover actions for slander of title, (Section 11225, General Code), then he is still within the period of one year during which he can renew his action under the saving provision of Section 11233, General Code, which provides: “In an action commenced
 
 * * *
 
 if in due time * * * the plaintiff fails otherwise than upon the merits, and the time limited for the
 
 *272
 
 commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. ’ ’
 

 It has been held by this court that when an action has been commenced in due time, and is thereafter dismissed by the plaintiff after the time limit for the commencement of the action has expired, a new action for the same cause is barred although the later action is brought within one year after the dismissal of the former.
 
 Siegfried
 
 v.
 
 New York, Lake Erie & Western Rd. Co.,
 
 50 Ohio St., 294, 34 N. E., 331. In that case, as in this, the dismissal of the previous action was made by a federal court after the removal of the cause from a state court. Nor has the
 
 Siegfried case, supra,
 
 ever been overruled. The case of
 
 B. & O. Rd. Co.
 
 v.
 
 Larwill,
 
 83 Ohio St., 108, 93 N. E., 619, 34 L. R. A. (N. S.), 1195, while overruling a previous case, did not collide with the pronouncement of this court in the
 
 Siegfried case.
 
 The
 
 Larwill case
 
 simply holds that after the dismissal by the federal court, without prejudice, the cause of action then becomes one at large and may thereafter be newly instituted in a state court, or in any court of competent jurisdiction.
 

 There is another important reason why the judgments of the courts below should be affirmed. It will be observed that the insurance company filed a demurrer to Buehrer’s cross-petition, containing two grounds, one the 'statute of limitations, the other, that it did not contain facts sufficient to constitute a cause of action. The lower courts held that Buehrer’s cause of action was barred by the one-year statute of limitation. They should also have held that there was no cause of action in the cross-
 
 *273
 
 petition for the reason that the defamatory language inserted in.the insurance company’s pleading, filed February 23, 1926, was absolutely privileged. In attempting to recover upon its mortgage it pleaded that certain interest payments past due had not been paid, and that by reason thereof the mortgage condition became broken, whereby its entire principal amount became due. These statements of the insurance company were both relevant and material, although they may not have been true. While some courts have held that statements in a pleading furnish immunity against actions for libel, irrespective of their relevancy or materiality, the prevailing rule in this country is that the statements of a party in his pleading made in judicial proceedings are absolutely privileged when they are pertinent and relevant to the subject of the inquiry. Without commenting at length upon the many cases supporting this rule, we will refer only to the various texts and annotations which support it. In a very full annotation contained in 16 A. L. R., 746, the following is stated as the recognized principle applying to actions of this character: “It is well settled that if statements made in a pleading in a civil action are relevant to any issue involved in that action they are privileged, and no action for libel can be founded thereon.” To the same effect are the following authorities : 42 A. L. R., 878; 17 Ruling Case Law, 335; 36 Corpus Juris, 1254,
 
 Kemper
 
 v.
 
 Fort,
 
 219 Pa., 85, 67 A., 991, 13 L. R. A. (N. S.), 820, 123 Am. St. Rep., 623, 12 Ann. Cas., 1022. This privilege extends not only to slander of persons but to slander of title as well. 37 Corpus Juris, page 132, Section 601.
 

 The justification for libel and slander is usually
 
 *274
 
 set forth, in a defense, and is specially pleaded. This is so because usually the plaintiff’s action is based upon defamatory language, and no allusion is made in his pleading to any defense which the defendant may interpose. But when the plaintiff in his own pleading in an action for libel sets forth a complete justification of the defendant by way of an absolute privilege, as fully as the defendant might have done, then it cannot be said that the plaintiff has set forth a cause of action which justifies recovery. “When the words alleged as slanderous
 
 per se
 
 were uttered in the course of judicial proceedings, and were relevant and pertinent to the matter before the court, the fact that they were privileged must be set up in defense, unless such fact is affirmatively alleged in the complaint.”
 
 Gudger
 
 v.
 
 Penland,
 
 108 N. C., 593, 13 S. E., 168, 23 Am. St. Rep., 73.
 

 Recently this court has held that when material and relevant statements are made in a pleading in a judicial proceeding no action will lie therefor, although the statements may be defamatory.
 
 Erie County Farmers Ins. Co.
 
 v.
 
 Crecelius, 122
 
 Ohio St., 210, 171 N. E., 97.
 

 We have cited the various texts and authorities in this opinion for the purpose of pointing out the various jurisdictions adhering to the foregoing rule of privilege, and their reasons for so doing.
 

 We are therefore of the opinion that the trial court should have not only sustained the demurrer of the insurance company upon the one-year statute of limitation, but should also have sustained it upon the ground that Buehrer’s cross-petition as a whole did not state facts sufficient to constitute a cause of
 
 *275
 
 action. The judgments of the courts below are affirmed.
 

 Judgment affirmed.
 

 M arrttat.Tij C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.