PETERS v. BALTIMORE & O. R. CO.
Civ. No. 26540.

United States District Court
N. D. Ohio, E. D.
Oct. 28, 1949.

Davis, Davis & Handelman, Cleveland, Ohio, D'Arnold Davis, Cleveland, Ohio, for plaintiff.

Dwight B. Buss, Cleveland, Ohio, Baker, Hostetler & Patterson, Cleveland, Ohio, for defendant.

FREED, District Judge.

This is a removed action for alleged wrongful death and property loss arising out of a railroad crossing accident occurring on July 2, 1946. The defendant moves to dismiss, attaching to the motion a certified copy of the proceedings in an action on the same cause commenced in the Court of Common Pleas of Cuyahoga County, Ohio, on December 10, 1947. That action was voluntarily dismissed by the plaintiff on April 22, 1948. Another action on the same cause was commenced in the Court of Common Pleas of Stark County, Ohio on April 26, 1948 and was subsequently removed to this Court. Counsel failed to demand a jury trial within the time prescribed by Rule 81(c), Federal Rules of Civil Procedure, 28 U.S.C.A., and the Court twice denied a belated request for a jury trial. Thereafter, on April 5, 1949, the action was dismissed on stipulation of counsel, without order of court, under Rule 41 (a), Federal Rules of Civil Procedure. The stipulation provided the action might be marked "Dismissed for want of prosecution at plaintiff's costs." On May 12, 1949 the plaintiff filed the present action in the Court of Common Pleas of Stark County and it was removed here by the defendant.

Defendant's motion and the briefs of the parties pose two problems. The first is whether, under Rule 41(a) (1), Federal Rules of Civil Procedure, the dismissal of the second action operates as an adjudication upon the merits conclusive of the present action. The second is whether the action is barred by the applicable Ohio Statute of Limitations. As it will appear the Court's decision in respect of the second problem is dispositive of the case and hence there is no occasion to examine the first problem.

Ohio General Code, § 10509-167 provides for a two year limitation on actions of this

type. Plaintiff's cause would obviously be barred if only this section were in question. However, plaintiff's brief cites the so-called "savings clause", Ohio General Code, § 11233, which, in pertinent part, reads: "* * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date * * *." A similar section is to be found in Ohio General Code, § 10509-169, relating specifically to actions for wrongful death, which is here applicable.

Is the dismissal of April 5, 1949 a failure "otherwise than upon the merits" within the meaning of this language? In Siegfried v. New York, E. E. & W. Railroad Co., 1893, 50 Ohio St. 294, 34 N.E. 331, it was held that a voluntary dismissal by the plaintiff was not a failure otherwise than upon the merits. Buehrer v. Provident Mutual Life Insurance Co., 1931, 123 Ohio St. 264, 175 N.E. 25, reaffirmed that construction. In both these cases the voluntary dismissals occurred after removal to the Federal Courts. See also, Stone, Adm'r v. Siegel, 32 O. O. 411.

■ The dismissal of the second action in the case at bar was a voluntary dismissal pursuant to Rule 41(a) (1), Federal Rules of Civil Procedure, even though accomplished by stipulation. No order of the Court was called for, nor was there any made. The caption "Dismissed for want of prosecution at plaintiff's cost" does not alter the voluntary character of the dismissal, nor is it contended that the dismissal by stipulation constituted a waiver by defendant of the statutory bar. This action, therefore, is not timely.

■ The motion to dismiss called for the consideration of matters extraneous to the complaint, but, insofar as pertinent, those were all matters appearing on the records of this Court. Since the Court may take judicial notice thereof, this may continue to be treated as a motion to dismiss and the right of the Court under Rule 12(b), Federal Rules of Civil Procedure to regard the motion as one for summary judgment need not be exercised. This motion is granted.