PAINTER, APPELLANT, *v.* THE E. W. SCRIPPS CO., APPELLEE.

(No. 5527—Decided June 24, 1957.)

*Messrs. Smith, Clark & Holzapfel* and *Mr. Robert Kovach,* for appellant.

*Messrs. Gingher & Christensen* and *Mr. Malcolm L. Miller,* for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court rendered upon an instructed verdict returned at the close of the plaintiff's case. The action was one for damages for libel instituted by George Painter, hereinafter referred to as plaintiff, against The E. W. Scripps Company, hereinafter referred to as the defendant. The case came on for hearing upon the first amended petition, the pertinent parts of which read as follows:

"Plaintiff says that at all times mentioned herein he was engaged in the grocery business and in the real estate business.

"On the 4th day of June, 1953, the defendant, an Ohio corporation, then engaged in publishing a newspaper in the city of Columbus, Ohio, under the name of 'The Columbus Citizen' which had a general circulation, did, with express malice, publish in said paper of and concerning this plaintiff, a false and malicious libel, containing among other things, the false, malicious and defamatory matter following:

" 'MAN ARRESTED IN UPDEGRAFF DEATH PROBE'
'Sullivant Av. Man Awaits Lie Tests'
'George Painter to be Jailed:

" 'An alleged "close acquaintance" of Mrs. Madeline Updegraff, George Painter, 1641 Sullivant Ave was ordered arrested this afternoon by Coroner Robert Evans and held in County Jail for a lie detector test.'

" 'Possible Murder Weapon'

" 'A "definite attempt to hide" the rope had been made according to Gordon French, National Detective Agency Investigator . . . unearthed the possible murder weapon during a fine tooth combing of the field.'

"Said statements meaning thereby that this plaintiff had been arrested and held in the county jail as a murder suspect. Plaintiff says that said newspaper article refers to this plaintiff, that the language is false and untrue, and said language is calculated and designed to injure the plaintiff in his reputation as a man, as a citizen and to bring him into public scandal, infamy and disgrace. And plaintiff says that he has been humiliated and disgraced. Wherefore plaintiff asks that he be given judgment of five hundred thousand dollars ($500,000)."

To the amended petition the following answer was filed, to wit:

"Now comes defendant and admits that The E. W. Scripps Company is a corporation which now is and was, at the time alleged in the amended petition, engaged in the publication of a newspaper in the city of Columbus, Ohio, known as The Columbus Citizen, and that said newspaper had a general circulation in and about the city of Columbus; that on the 4th day of June, 1953, defendant did publish a newsreport of the coroner's investigation into the death of one Madeline Updegraff; and that the quoted matter contained in plaintiff's amended petition was a part of the entire news story published on that date in one of the editions of The Columbus Citizen.

"Further answering, defendant denies each and every allegation contained in plaintiff's amended petition not herein admitted to be true.

"By way of further defense, defendant says that the investigation into the circumstances surrounding the death of said Madeline Updegraff was a matter of public interest to the defendant's readers; that said investigation was conducted at a public hearing before the Coroner of Franklin County, Ohio; and that the defendant published without malice a fair and impartial report of the proceedings, which was privileged."

A reply was filed by the plaintiff, which denied "each and every fact stated, averment made, and allegations set forth which is not an admission of the facts stated, averments made and allegations set forth in plaintiff's petition."

The record reveals that the cause came on for hearing and the plaintiff called certain witnesses in his behalf, who testified to the following uncontroverted facts:

(1) That the plaintiff had not been arrested;

(2) That the Coroner of Franklin County conducted an official investigation into the death of Mrs. Updegraff during which he orally requested a deputy sheriff to take the plaintiff into custody and hold him for a lie detector test to be held the next morning;

(3) That the cause of death of Mrs. Updegraff had never been determined; and

(4) That the deputy sheriff to whom the order to arrest had been made consulted the sheriff regarding the order, who refused to permit the arrest to be made.

(5) This decision by the sheriff was made sometime after the termination of the coroner's investigation. In the meantime the report of the proceedings had been given to the defendant by one of its employees.

(6) The publication was made as alleged in the amended petition and an issue of the newspaper containing the entire article admitted into evidence as plaintiff's Exhibit "C."

At the conclusion of the plaintiff's case, counsel for the defendant moved for an instructed verdict in favor of the defendant for the reason that the evidence was insufficient to sustain the allegations of the petition. This motion was sustained, and judgment was entered for the defendant. The judgment entry does not recite the ground upon which the court based its decision; hence we look to the opinion of the trial judge. *Andrews v. Board of Liquor Control,* 164 Ohio St., 275, 131 N. E. (2d), 390. In so doing we find that the court was of the opinion that the article as published was the truth, meaning, it appears, that it correctly reported the proceedings. This, it is urged, was error as "truth" was not pleaded as a defense; that it is an affirmative defense and must be pleaded in order that it be considered as such. Counsel for the defendant concedes that when "truth" is relied upon it must be pleaded.

However, we interpret the court's opinion to hold further that the article was a fair and impartial report of the proceedings, or, in other words, a true report. If this is a correct conclusion, then the communication was privileged, even if libelous per se, under Section 2317.04, Revised Code, providing the publication was made without malice. That section provides:

"The publication of a fair and impartial report of the proceedings before state or municipal legislative bodies, or before state or municipal executive bodies, boards, or officers, or the whole or a fair synopsis of any bill, ordinance, report, resolution, bulletin, notice, petition, or other document presented, filed, or issued in any proceeding before such legislative or executive body, board, or officer, shall be privileged, unless it is proved that such publication was made maliciously."

The defense of privilege was properly pleaded in order to raise the issue, and from the argument presented by counsel for the defendant it is the defense upon which he principally relies. He urges that the court properly sustained the motion for the following reasons:

(1) The publication does not charge that the plaintiff had been arrested. Therefore, it was a correct report.

(2) That even conceding that it was libelous per se, the publication was privileged under the previously cited section of the Revised Code.

The plaintiff urges contra, that the publication departed from the truth to such an extent that it was not a fair and impartial report; hence, it was not privileged under the statute.

We have carefully examined the testimony and exhibits offered by the plaintiff and are of the same opinion as Judge Gessaman as to the correctness of the report. It appears that the plaintiff has chosen to consider the headline separate and apart from the remainder of the article. This may not be done as the headline and news item to which it is attached must be construed together in determining the effect of an article claimed to be defamatory. On this subject it is said in 25 Ohio Jurisprudence, 218, Section 75:

"Both the headline and the item to which it is attached are to be considered as one document in determining the effect of an article complained of as being defamatory. They are construed together, in deciding whether the article is libelous, to ascertain the character of the libel, and to find against whom the libel is directed."

See, also, 33 American Jurisprudence, 101, Section 88.

In construing the article as a whole it will be noted that no name appears in the main headline, while in the third subheadline it says "George Painter to be Jailed." Then, the first paragraph of the article says that "George Painter, 1641 Sullivant Ave was ordered arrested this afternoon by Coroner Robert Evans and held in County Jail for a lie detector test." These statements clearly indicate that the arrest of George Painter had only been ordered; hence, the headline might be applied to some unnamed person or other person mentioned in the article. We find no evidence in the record tending to estab-

lish proof that the publication was made maliciously. The only direct evidence on this question was that of Don Weaver, Editor of The Columbus Citizen, who was called as a witness for the plaintiff and testified that he never heard of the plaintiff prior to the pre-trial in this case; that he had no ill will towards the plaintiff; and that, as far as he knew, no person connected with his newspaper had any.

In passing upon a motion for a directed verdict when the controlling facts are conceded the question becomes one of law for the court. In the case of *Mauk* v. *Brundage,* 68 Ohio St., 89, 67 N. E., 152, 62 L. R. A., 477, paragraph two of the syllabus appears to be applicable, which provides:

"In an action for libel the question whether the publication is or not libelous *per se* is a question for the court. And where the publication is claimed to be privileged the question whether or not the occasion gives the privilege, the controlling facts being conceded, is also for the court."

See, also, *Buehrer* v. *Provident Mutual Life Ins. Co.,* 123 Ohio St., 264, 175 N. E., 25, which holds, in the fifth paragraph of the syllabus, that when a petition sets forth facts showing privilege a demurrer to it should be sustained, to wit:

"While, in an action for libel, the facts disclosing that the statements so made were privileged are ordinarily pleaded as a defense, yet, when the plaintiff himself in his petition sets forth a complete justification of the defendant by way of privilege, as fully as the defendant might have done, no cause of action has been stated justifying recovery; and a general demurrer to such petition should have been sustained."

It is our conclusion that the publication was privileged under Section 2317.04, Revised Code, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

PETREE, P. J., and BRYANT, J., concur.