Zimmerman, J.
The sole question before us may be stated as follows:
Where, after an action has been timely commenced, the trial court sustains a demurrer to an amended petition on the ground of misjoinder of parties defendant and plaintiff then dismisses the same without prejudice, has the plaintiff failed otherwise than upon the merits, so as to enable him to invoke the saving provisions of Section 2305.19, Revised Code, quoted above, and start another action within one year of the dismissal of the amended petition?
The insurers answer this question against such right and rely basically on the case of Siegfried v. Railroad, Co., 50 Ohio St., 294, 34 N. E., 331, wherein the syllabus reads:
“Where an action which has been commenced in due time, is dismissed by the plaintiff after the time limited for the commencement of such action has expired, a new action for the same cause, thereafter commenced, is barred, though commenced within one year after the dismissal of the former action. Such dismissal is not a failure in the action, within the purview of Section 4991 of the Revised Statutes [Section 2305.19, Revised Code].”
At the very end of the opinion in the Siegfried case, the following language appears:
“A dismissal by the plaintiff, involves no action of the court; it is a voluntary withdrawal of his case, and is not a failure in the action.”
The holding in the Siegfried case has been expressly approved and followed by this court in two other cases, namely, Welsh, Admr., v. Pennsylvania Co., 53 Ohio St., 670, 44 N. E., 1150 (no written opinion), and Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St., 264, 175 N. E., 25.
Both the Siegfried and Buehrer cases are cited with apparent approval in the opinion in the case of Moherman v. Nickels, 140 Ohio St., 450, 457, 45 N. E. (2d), 405, 409, 143 A. L. R., 1174, 1178.
*85 But, does the law as stated in the Siegfried case control here?
In the first place, it is established in Ohio that Section 2305.19, Revised Code, being a remedial statute, should be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Bemis, 64 Ohio St., 26, 38, 59 N. E., 745, 748; and Greulich v. Monnin, 142 Ohio St., 113, 116, 50 N. E. (2d), 310, 312, 149 A. L. R., 477, 480.
And generally, where the word, “merits,” is used in speaking of the determination of an action on the merits, it embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof. 57 Corpus Juris Secundum, 1070, Merits.
Analyzing the provisions of Section 2305.19, Revised Code, as it affects the instant cases, it contemplates (1) an action timely commenced, (2) failure of plaintiff in the action “otherwise than upon the merits,” (3) expiration of the time limit for commencing the action at the date of such failure, and (4) the right of the plaintiff to commence a new action within one year of such failure.
Did plaintiff fail in the present instance “otherwise than upon the merits”? In sustaining demurrers to the original petition and later to the amended petition, the trial court informed plaintiff twice that it had misjoined parties defendant, and that it could not proceed further. Because of such action by the court, plaintiff suffered defeat in a procedural matter and dismissed its amended petition without prejudice, and within one year thereafter plaintiff filed new petitions in an effort to comply with the court’s holding. When the demurrers to the petition and amended petition were sustained, we think this constituted a failure “otherwise than upon the merits” within the meaning and intendment of Section 2305.19, Revised Code, liberally construed, and that an entry of judgment by the court for defendants was not necessary to bring plaintiff within the terms of the statute.
It will be noted that in both the Siegfried and Buehrer *86 cases, supra, the actions were voluntarily dismissed, and that such dismissals were not attributable to any adverse rulings by the court, as here. Consequently, the Siegfried and Buehrer cases are distinguishable from the instant ones in such respect.
With reference to statutes which provide that, when an action is commenced within the period prescribed by the statute of limitations, and the plaintiff suffers a nonsuit not involving the merits of the controversy, he may commence a new action within a prescribed time thereafter, though the period of limitation expired after the first action was commenced, the following comment appears in the annotation in 86 A. L. R., 1051:
“It has never been questioned that an involuntary or compulsory nonsuit is within the meaning of the statute and gives the plaintiff the right to bring a new action within the time prescribed thereafter, but the claim has been made that a voluntary nonsuit is not such a nonsuit as the statute contemplates. However, it has been held almost without exception that such a construction of the statute is too narrow, and that voluntary as well as involuntary nonsuits are within its beneficent operation. ’ ’
See, also, Importers & Exporters Ins. Co. v. Farris, 181 Okla., 339, 73 P. (2d), 831; Clark v. Newsome, 180 Ga., 97, 178 S. E., 386; and Thompson v. Farmers’ Exchange Bank, 333 Mo., 437, 62 S. W. (2d), 803.
We find no error in the, judgments of the Court of Appeals, and they are, accordingly, affirmed.

Judgments affirmed.

Weygandt, C. J., Matthias, Bell and Peck, JJ., concur.
Herbert, J., concurs in paragraphs one and two of the syllabus but dissents from paragraph three thereof and from the judgment.
Taet, J., not participating.