**Ken HOLM and Glen Steed d/b/a H & S Enterprises, a partnership, Plaintiffs and Appellants,**

v.

**B & M SERVICE, INC., a Colorado corporation, Defendant and Respondent.**

**No. 18069.**

Supreme Court of Utah.

March 22, 1983.

Wendell P. Ables, Salt Lake City, for plaintiffs and appellants.

Dale J. Lambert, Salt Lake City, for defendant and respondent.

STEWART, Justice:

The issue on this appeal is which statute of limitations applies to a claim for relief alleging negligently caused damage to personal property. The trial court applied the three-year limitations period established by U.C.A., 1953, § 78–12–26(2) and dismissed the action. We affirm.

On June 30, 1978 plaintiff, H & S Enterprises, was transporting a load of steel pipe when its tractor-trailer overturned near Rangeley, Colorado, causing minor damage to the pipe. The Colorado Highway Patrol summoned defendant, B & M Service, to reload the pipe onto plaintiff's trailer and tow it away. Again the trailer overturned, along with B & M's tractor, this time causing extensive damage to the pipe.

H & S filed suit against B & M for damages, alleging that B & M's negligence in reloading the trailer and towing it away caused the accident and resulting damage to the pipe. B & M moved to dismiss the action because it was filed more than three years after the accident and was barred by § 78–12–26(2), which requires that "an action for taking, detaining or injuring personal property" be filed within three years. In response H & S argued that § 78–12–26(2) applies only to actions for intentional injuries and that actions for damage to personal property caused by negligence are

governed by the catch-all limitations provision of § 78–12–25(2), which requires that "[a]n action for relief not otherwise provided for by law" must be brought within four years of the injury. The trial court rejected that argument and granted B & M's motion to dismiss.

The sole issue in this case is whether § 78–12–26(2) was intended to apply to all actions for injuries to personal property or only to intentionally caused damage, with the catch-all four year limitations period applying to actions for negligently caused damage.

Under § 78–12–26 the following actions are subject to a three-year limitations period:

 (1) An action for waste, or trespass upon or injury to real property . . . .

 (2) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof . . . .

 (3) An action for relief on the ground of fraud or mistake . . . .

 (4) An action for a liability created by the statutes of this state, other than for a penalty or forfeiture under the laws of this state, except where in special cases a different limitation is prescribed by the statutes of this state.

H & S contends that actions for waste to or trespass upon real property, actions for taking or detaining personal property, and actions for fraud or mistake are based on intentional conduct and that therefore § 78–12–26, read as a whole, was intended to apply only to actions for intentional harms. The argument is that subsections (1) through (4) should be construed in *pari materia.*

None of the subsections of § 78–12–26 supports the construction H & S places on that section. Each subsection deals with a different kind of action, and each pertains to claims for relief that may be founded on intentional conduct, or unintentional or negligent conduct, or both. There is no language in subsection (2) that places any limitation on the word "action" that would

restrict its application to only intentional injuries to personal property. The facts of the present case fall squarely within the plain language of subsection (2), which applies to "action[s] for . . . injuring personal property."

We find nothing in our case law inconsistent with the plain language of the statute. H & S argues that *O'Neill v. San Pedro, L.A. & S.L.R. Co.,* 38 Utah 475, 114 P. 127 (1911), suggests a different conclusion. In *O'Neill* the plaintiff property owner sued the railroad for damage to plaintiff's house caused by the trembling of the earth resulting from the continual operation of trains on a track twenty-one feet from the house. The railroad relied on the three-year limitations period under § 78–12–26(1), which at that time applied only to "action[s] for waste or trespass of real property," and did not include the present language, "or injury to" real property. Compiled Laws of Utah, 1907, § 2877(2). The railroad apparently contended that the term "trespass" should, according to its ancient common law meaning, encompass all actions for forcible, direct and immediate injuries to one's person or property. *See* W. Prosser, *Law of Torts* 28 (4th ed. 1971). The Court rejected that interpretation and construed trespass in accordance with the later common law definition to mean a "wrongful entry . . . upon the lands of another." *O'Neill* at 479, 114 P. at 128. The Court stated that, if the terminology of common law pleading were used to describe the nature of the cause of action, it would be an "action on the case," i.e., for nonforcible, indirect, or nonimmediate injury. The Court held that the damage to the house was not a trespass, and therefore not governed by the three-year statute of limitations but rather by the four-year catch-all statute.

H & S equates the Court's reference to "an action on the case" with a negligence action, and concludes that negligence actions for personal property damage should be governed by the four-year catch-all statute.[1] That conclusion is too far a reach.

---

1. Actions for negligence were not necessarily equivalent to actions on the case, *see* W. Pros-

ser, *Law of Torts* 28–29 (4th ed. 1971); there-

Clearly subsection (1) did not apply because the action was not for "waste or trespass." The Legislature's subsequent insertion of the phrase "or injury to" in subsection (1) was not limited to intentionally caused injury. On the contrary, the language is sufficiently broad to encompass negligently caused injury whether by nuisance or otherwise.

B & M relies on *Reese v. Qualtrough,* 48 Utah 23, 156 P. 955 (1916). In *Reese* the action was for discharge of pollutants into a ditch of water that flowed into plaintiff's fish ponds and damaged plaintiff's fish and ponds. Defendants relied on the 1907 equivalent to § 78–12–26(2), which barred actions for injury to personal property after three years. Compiled Laws, 1907, § 2877(3). In holding the three-year period applicable, the Court stated:

> Neither the form of the proceeding nor the name applied to it can change the nature of the wrong or the injury. It is the wrongful acts which result in injury and damage which give the right of action, and, if the injuries are to personal property, the statute fixes the time within which such an action must be brought, and the name of the action can have no effect upon the question of what statute controls.

*Reese* at 33, 156 P. at 959.

Although the tortious conduct in *Reese* was intentional, the point was of no significance to the Court then and not persuasive here because the name of the action can have no effect upon what statute controls. What was essential in *Reese* was only that the injury was deemed damage to personal property. *See also Utah Poultry & Farmers Cooperative v. Utah Ice & Storage Co.,* 187 F.2d 652 (10th Cir.1951).

As the United States Court of Appeals for the Tenth Circuit indicated in *Utah Poultry, supra,* relevant California cases dealing with the same question are persuasive because our three-year statute is modeled after California's corresponding

fore, even if the labels were important, those two types of cases would not necessarily be

statute. Revised Statutes of Utah, 1898, § 2877 (annotations). The California version requires that "action[s] for taking, detaining, or injuring any goods or chattels" be brought within three years. Cal.Civ. Proc.Code § 338(3) (West 1982). California courts have applied that statute to all actions for injury to personal property, even where the injury is caused by negligence, *Phoenix of Hartford Insurance Co. v. Colony Kitchens,* 57 Cal.App.3d 140, 128 Cal. Rptr. 893 (1976); *Allred v. Bekins Wide World Service, Inc.,* 45 Cal.App.3d 984, 120 Cal.Rptr. 312 (1975); *Automobile Insurance Co. v. Union Oil Co.,* 85 Cal.App.2d 302, 193 P.2d 48 (1948), and even though that may result in two different limitation periods being applicable in one case; i.e., one for personal injuries and a different one for property damage. *See, e.g., Phoenix of Hartford Insurance Co., supra.*

Affirmed. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.

governed by the same statute of limitations.