[Cite as *Metzler v. Fifth Third Bank*, 2017-Ohio-7088.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Patricia Metzler, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-638 |
| v. | : | (C.P.C. No. 16LP-7) |
| Fifth Third Bank, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on August 3, 2017

---

**On brief:** *Patricia Metzler*, pro se. **Argued:** *Patricia Metzler.*

**On brief:** *Graydon, Head & Ritchey LLP, Harry W. Chappel* and *Jeffrey J. Hanneken*, for appellee. **Argued:** *Jeffrey J. Hanneken.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Patricia Metzler, appeals a judgment of the Franklin County Court of Common Pleas that dismissed her claims against defendant-appellee, Fifth Third Bank ("Fifth Third"). For the following reasons, we affirm that judgment.

{¶ 2} Since 1998, Metzler has obtained multiple mortgage loans from Fifth Third. On June 3, 2016, Metzler filed a complaint against Fifth Third alleging that Fifth Third had wrongfully recorded mortgages against her property, charged improper fees, and misapplied her loan payments. Metzler asserted claims for slander of title, fraud, "equity skimming" or "equity theft," quiet title, unjust enrichment, and misrepresentation.

{¶ 3}   Fifth Third moved to dismiss Metzler's complaint under Civ.R. 12(B)(6).  In a judgment entered August 11, 2016, the trial court granted Fifth Third's motion.

{¶ 4}   Metzler now appeals the August 11, 2016 judgment, and she assigns the following errors:

> I. THE TRIAL COURT ERRED GRANTING DEFENDANT-APPELLEE FIFTH THIRD BANK A SUMMARY JUDGEMENT FOR STATU[T]E OF LIMITATIONS ON [THE] SIX COUNT COMPLAINT.  THE CASE WAS DISMISSED "WITHOUT PREJUDICE" IN 2015 (CASE 15 CV 004722.) APPELLANT'S COUNSEL WAS HOSPITALIZED AND A DISMISSAL WAS NECESSARY BECAUSE COUNSEL WAS MISSING DEADLINES.  APPELLANT SHOULD NOT BE PREJUDICED BY FORMAL COUNSEL'S PHYSICAL INABILITY TO PROCEED IN THAT ACTION.
>
> II. THE TRIAL COURT ERRED GRANTING DEFENDANT-APPELLEE FIFTH THIRD BANK A SUMMARY JUDGEMENT BY FINDING THE SLANDER OF TITLE LAW AND NOTARY LAWS WERE "MISPLACED["].  THE 2014 OVERCHARGE AND THE DISPUTED MORTGAGE [ARE] SLANDERING TITLE ON APPELLANT'S CURRENT MORTGAGE.  THE DISMISSAL HAS NOW IMPAIRED THE LEGAL OBLIGATIONS OF APPELLEE TO APPELLANT. APPELLEE FAILED TO SEND THE YEARLY LOAN HISTORY SUMMARY ON THE CURRENT MORTGAGE, WHICH NORMALLY COMES EVERY SEPTEMBER.
>
> III. THE TRIAL COURT ERRED GRANTING DEFENDANT-APPELLEE FIFTH THIRD A SUMMARY JUDGEMENT BY FINDING A MORTGAGE DOES NOT NEED TO BE RECORDED.  THERE [WERE] NOT TWO DIFFERENT NOTARIES SIGNING TWO DIFFERENT MORTGAGES FOR TWO DIFFERENT AMOUNTS AT ONE REAL ESTATE CLOSING IN 2006.

{¶ 5}   Preliminary, we must define the scope of our review.  Metzler includes in her brief arguments unrelated to her assignments of error.  Courts of appeals must determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b).  Thus, generally, appellate courts rule on assignments of error only, and do not address mere arguments.  *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-

2313, ¶ 9.  Applying App.R. 12(A)(1)(b) here, we will only review Metzler's assignments of error, and we will disregard any arguments unrelated to those assignments of error.

{¶ 6}  While Metzler's assignments of error contend that the trial court erred in granting Fifth Third summary judgment, the trial court actually granted Fifth Third a dismissal based on Civ.R. 12(B)(6), not summary judgment.  A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor.  *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.  A court may dismiss a claim under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the claim is time barred.  *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13.  Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo.  *Id.* at ¶ 12.

{¶ 7}  By her first assignment of error, Metzler argues that the trial court erred in dismissing all her claims on statute-of-limitations grounds.  Metzler misinterprets the trial court's judgment.  The trial court actually dismissed only four of Metzler's claims due to the lapse of the applicable statute of limitations:  slander of title; "equity skimming" or "equity theft," which the trial court construed as a claim for civil theft; unjust enrichment; and misrepresentation.

{¶ 8}  Metzler first contends that she filed her claims within the applicable statutes of limitations because Fifth Third overcharged her through 2014.  The alleged overcharges form the basis for Metzler's fraud claim.  The trial court dismissed that claim because she failed to file it with particularity, not because she failed to file it within the statute of limitations.  Metzler's argument, therefore, does not present a reason to reverse the trial court's dismissal of her fraud claim.

{¶ 9}  Moreover, if Fifth Third recommences wrongfully overcharging—as Metzler fears—then, potentially, she may have a new claim to assert against Fifth Third.  Any future, potential new claims, however, do not resurrect claims barred by a statute of limitations.

{¶ 10} Metzler next argues that she filed her claims within the applicable statutes of limitations because Fifth Third has not taken any action to remove the mortgages it has recorded against her property. "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). Thus, generally, the date of the wrongful act, not the date on which the defendant ameliorates the wrongful act, determines when the statute-of-limitations period begins to run. Consequently, Fifth Third's failure to correct the alleged wrongful act—the recording of mortgages—does not affect the running of any statute of limitations.

{¶ 11} As her final argument under her first assignment of error, Metzler "asserts that the Motion to Dismiss for a Statu[t]e of Limitations defense was not properly granted because the "Fee Paid" on the first mortgage happened at the end of 2014." (Appellant's Brief at 13.) Because we do not understand Metzler's argument, we cannot address it. *See Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10 ("Ultimately, if an appellate court cannot understand an appellant's arguments, it cannot grant relief.").

{¶ 12} In sum, we reject all of the arguments underlying Metzler's first assignment of error. Accordingly, we overrule the first assignment of error.

{¶ 13} By Metzler's second assignment of error, she argues that the trial court erred in finding slander-of-title law and notary law "misplaced." Metzler misconstrues the trial court's decision. Metzler argued below that R.C. 2305.04 specified the statute of limitations for her claim for slander of title. The trial court disagreed and stated that Metzler's reliance on R.C. 2305.04 was misplaced; instead R.C. 2305.11(A) set the applicable statute of limitations. We agree with the trial court's statement. *See Smith Elec. v. Rehs*, 9th Dist. No. C.A. 18433 (Feb. 18, 1998) (applying the one-year statute of limitations found in R.C. 2305.11(A) to a claim for slander of title); *see also Buehrer v. Provident Mut. Life Ins. Co.*, 123 Ohio St. 264 (1931), paragraph one of the syllabus (holding that a predecessor statute to R.C. 2305.11, "providing that actions for libel and slander shall be brought within one year after the cause thereof accrued, applies to actions for slander of title and is not limited to slander of persons").

{¶ 14} Metzler also argues that she asserted her claim for slander of title within the one-year statute of limitations. We are not persuaded. A claim for slander of title arises

when a person falsely and maliciously defames a title to property and causes some special pecuniary damages or loss. *Prater v. Dashkovsky*, 10th Dist. No. 07AP-389, 2007-Ohio-6785, ¶ 11. Generally, a claim for slander of title involves the wrongful recording of an unfounded claim against the property of another. *Id.* The statute of limitations for a claim for slander of title generally accrues at the time an allegedly defaming document is filed with the recorder. *Smith Elec.*

{¶ 15} Here, Metzler alleged in her complaint that Fifth Third slandered her title to her property when it recorded a master mortgage in 2004 and, again, when it recorded a mortgage securing a home equity line of credit in 2005.[1] Metzler does not dispute that she failed to file her claim for slander of title within one year of either recording. However, Metzler argues that she asserted her claim within the one-year statute of limitations because the harm resulting from the recording of the mortgages remains ongoing. Metzler's argument focuses on the wrong metric. Her cause of action accrued, and the statute of limitations began running, when Fifth Third recorded the mortgages at issue. *See Smith Elec.* As well over one year has elapsed since the recording dates, the statute of limitations bars Metzler's claim.

{¶ 16} In sum, we conclude the trial court properly applied the one-year statute of limitations to Metzler's claim for slander of title. Accordingly, we overrule Metzler's second assignment of error.

{¶ 17} By Metzler's third assignment of error, she argues that the trial court erred in concluding that a mortgage does not need to be recorded. Like Metzler's other arguments, this argument, too, arises from Metzler's misunderstanding of the trial court's decision. With regard to her claim to quiet title, Metzler alleged that a mortgage that Fifth Third had recorded against her property was invalid because it lacked proper notarization. The trial court held that mortgages are valid and enforceable against mortgagors despite the lack of proper notarization, and consequently, the court dismissed Metzler's claim to quiet title. Thus, the trial court concluded that a mortgage need not be properly notarized, rather than

---

[1] On appeal, Metzler also alleges that Fifth Third slandered her title by informing credit reporting agencies of her failure to repay the loans associated with the mortgages Fifth Third allegedly wrongly recorded. Metzler, however, did not assert this allegation in her complaint. Therefore, we will not consider it in reviewing the trial court's Civ.R. 12(B)(6) dismissal of her complaint.

that a mortgage need not be recorded.  As the trial court did not commit the error alleged, we overrule Metzler's third assignment of error.

{¶ 18}  For the foregoing reasons, we overrule Metzler's three assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

————————